J. H. SNOW AND OTHERS v. T. C. HAWPE AND OTHERS.

Where a judgment is rendered against a non-resident defendant, upon citation served by publication, in order to have the proceedings reviewed, and the judgment set aside on the application of the defendant, it is sufficient to aver, in his petition for that purpose, that he had no notice in fact and that he has a good defence to the action; and a married woman is not barred from bringing her suit to review such judgment, until the expiration of two years after the disability of coverture is removed.

Where a judgment is obtained through fraud, persons purchasing, under an execution issued thereon, with notice of the fraud, are no more protected than the plaintiff who obtained the judgment.

APPEAL from Dallas. Tried below before the Hon. Nat. M. Burford.

The record showed that W. A. Ferris, one of the appellees, in May, 1841, obtained a judgment upon an attachment against one James Taylor, for services in locating and surveying 1920 acres of land, in Dallas county, for said Taylor, upon a land certificate issued to one David A. Murdock. Service upon Taylor was by publication, and judgment before a justice of the peace of Nacogdoches county, in favor of Ferris, for $89 25.

Taylor and Murdock died; and afterwards, in 1856, Ferris brought suit on the judgment, and an open account for $50, in the District Court of Dallas county, against J. H. Snow and

others, heirs at law of the said Murdock, deceased, alleging that Taylor was the agent of said Murdock, in procuring his (Ferris's) services, in locating and surveying the land; and that the heirs of Murdock were liable to pay the judgment, so recovered against Taylor, the said Snow and other heirs being non-residents. Citation was served by publication.

At the —— term of the court, the defendants not appearing, the plaintiff took judgment in their absence. Upon this judgment several executions issued, by virtue of which the land located by Ferris, in the name of Murdock, was sold, and several of the appellees became purchasers; and the suit in which the judgment was rendered, which was now sought to be reviewed and reversed, was instituted by appellants, to set aside the judgment recovered by Ferris, together with the executions and sales thereon, and to recover back the land from the purchasers.

The petition alleged that Mary E. Snow was the wife of said J. H. Snow, and an heir at law of said Murdock, deceased, the legal owner of the land. It charged that there was no actual notice ever given, or served on the defendants, in the suit brought by Ferris; that the citation was served by publication; that the claim, on which Ferris brought his suit, was unfounded, unjust, and fraudulent; that the appellees had knowledge of all of the defendants to this suit, and participated in the fraud of Ferris; and made the whole record of the case, brought by Ferris, a part of the petition. In the suit brought by Ferris, there was no statement of facts in the case, approved by the presiding judge who tried the same, showing what was proven on the trial.

To this petition, the defendants filed a general demurrer, and special exceptions, which were, in substance: 1st. That the petition charges that said execution, in favor of W. A. Ferris v. J. H. Snow et al., is void, and does not show wherein. 2d. The petition does not show the facts, constituting the claims of Ferris, sought to be inquired into, false, fraudulent and unfounded, as charged. 3d. That the want of a statement of facts, in the case of Ferris v. Snow et al., is not sufficient ground on which to set aside the judgment rendered. 4th. That the plaintiffs

cannot inquire into matters, anterior to the rendition of the judgment complained of, so as to affect the defendants. 5th. The petition charges the defendants with collusion and fraud, without alleging the facts constituting the same. 6th. Petition shows no error on the face of the judgment, nor any newly discovered evidence, that would entitle the plaintiffs to a review of the same.

By an amended answer, defendants said, "that the court "should not take jurisdiction, in this cause, because said plain-"tiffs did not bring their suit within two years after the rendi-"tion of the judgment in favor of said Ferris," &c.

Demurrer sustained, and cause dismissed. From which judgment the plaintiffs appealed.

*John M. Crockett*, for appellants.

*H. G. Hendricks* and *E. P. Nicholson*, for appellees.

1st. The court did not err in sustaining the demurrer : because the petition charges the execution in favor of W. A. Ferris to be without foundation, and void ; and does not state the facts which show the execution to be void; nor has the petition any allegation of fraud. (Horan v. Long, 11 Tex. Rep. 230.)

2d. Plaintiff seeks to inquire into, and have the adjudicated claims of W. A. Ferris, set aside, by charging the same to be false and unfounded, and does not show the facts, constituting the same false, fraudulent and unfounded. (Stearns v. Page, 7 How. Rep. 829 ; Tompkins v. Bennett, 3 Tex. Rep. 36 ; Carter v. Carter, 5 Id. 93.)

3d. Plaintiffs cannot seek to set aside the judgment against Snow and the heirs of David A. Murdock, by bill of review, on the ground that there is no statement of facts incorporated in said judgment. (4 Bouv. Inst. § 4125 ; Pennsylvania v. Wheeling, &c., 13 Pet. Rep. 613, 614 ; Story's Eq. Pl. § 407, note, § 411.)

4th. Plaintiff cannot seek to inquire into matters or facts that may have existed anterior to the rendition of the judgment in

favor of Ferris, so as to affect the rights of these defendants. (4 Bouv. Inst. §§ 4129, 4130.)

5th. Because the said petition charges these defendants with contriving, colluding, and intending to defraud plaintiff, and does not charge any facts constituting collusion or fraud. (Stearns v. Page, 7 How. Rep. 829; Tompkins v. Bennett, 3 Tex. Rep. 36; Carter v. Carter, 5 Id. 93.)

6th. Plaintiffs do not show any error on the face of the judgment, or that they have discovered any new evidence, or matter that would entitle them to a review of the judgment and proceedings. (Story's Eq. Pl. §§ 411, 412, 413; 4 Bouv. Inst. §§ 4128, 4129, 4130; Livingston v. Hubbs, 3 Johns. Ch. Rep. 124; Gullett v. Housh, 7 Blackf. Rep. 52.)

7th. Plaintiff cannot seek to set aside the judgment, because the claim upon which suit was brought, was barred by the statute of limitations, for the reason that the statute should have been specially pleaded. (Acts of 1852.)

8th. The court having jurisdiction, and the jurisdiction having attached, the judgment was binding between the parties, and can only be inquired into by appeal, or writ of error. (Sutherland v. De Leon, 1 Tex. Rep. 250, 289, 310; Voorhees v. Jackson, 10 Pet. Rep. 450.) The bill shows the parties were brought into court by publication in two newspapers.

9th. The plaintiffs cannot recover against these defendants, this being a suit for the land, and these defendants being purchasers under execution, and not parties to the judgment upon which execution issued. (Hart. Dig. Art. 783.)

WHEELER, CH. J. The plaintiffs show, by their petition, that the judgment, which they seek to review and avoid, was obtained on service by publication, and on an *ex parte* hearing; and they aver that they had no notice, in fact, of the suit, and that they had a good defence to the action. This clearly entitled them to have the judgment set aside, and a new trial awarded in the former suit. (Hart. Dig. Art. 783; Mussina v. Moore, 13 Tex. Rep. 7; Kitchen v. Crawford, Id. 516.)

The plaintiff, Mrs. Snow, being a married woman, at the date of the proceedings and judgment, in the case sought to be reviewed, and so continuing, is within the saving of the statute in respect to *femes covert ;* and, consequently, is not barred of her action.   (Hart. Dig. Art. 783.)

The plaintiffs allege, moreover, that the cause of action, upon which the judgment was obtained, was false and unfounded, and that the judgment rendered thereon, is fraudulent and void ; and they make the record of the proceedings in the case, a part of their petition, and charge the defendants with notice of the illegality and fraud in the rendition of the judgment, and the proceedings thereon.    The allegations of the petition are clearly sufficient to entitle the plaintiffs to have the judgment set aside, as to the defendant Ferris.    The allegations of notice, are sufficient to charge the other defendants with all the consequences of the wrongful acts and proceedings of their co-defendant, and to avoid their purchases, at the sheriff's sales, under the executions issued upon the judgment.    There is, therefore, error in the judgment of the court sustaining exceptions to the petition, and dismissing the case ; for which the judgment must be reversed, and the cause remanded.

Reversed and remanded.