G. H. SCHLEICHER, ADM'R, v. JOHN MARKWARD.

(Case No. 1679.)

1. PRACTICE.—When a cause is decided by the judge without the intervention of a jury, and there is evidence enough to justify the finding, the admission of illegal evidence is no cause for reversal.

2. EVIDENCE.—Entries in an execution docket are, under the Revised Statutes (art. 2332), a record; certified copies thereof are admissible in evidence.

3. STATUTE CONSTRUED — JUDGMENT LIEN.— The statutes in force in 1878 did not require that judgments should be indexed as well as recorded in order that they should operate as a lien on the property of the judgment debtor.

4. NEW TRIAL — JUDGMENT.— Notwithstanding an alleged want of service of process, a court of equity will not interfere to set aside a judgment, unless it appears that a different result would follow from another trial from the judgment rendered.

APPEAL from De Witt. Tried below before the Hon. H. Clay Pleasants.

On the 29th of March, 1878, in the district court. of Lampasas county, R. S. Willis, for use of P. J. Willis & Co., recovered a moneyed judgment, as stated in appellant's brief, against appellee Markward, a resident of Lampasas county, and Gustave Schleicher, a resident of De Witt county. That judgment recited that the party Schleicher "had been duly served by publication to appear and answer in" the cause, and also that defendant Markward was legally before the court. This judgment was assigned and transferred by plaintiff R. S. Willis to appellee on 7th of October, 1878.

The defendant Schleicher being dead, the appellees made the affidavit required by law, and presented the judgment to the appellant, who was the administrator of the estate, for allowance. He rejected it, whereupon suit in the De Witt district court was instituted to establish it as a valid claim, and to enforce the lien alleged to exist by reason of the registration of the judgment in several counties; the trial court below finding upon the facts that the Lampasas court had acquired jurisdiction over the parties, and that the jurisdiction could not in a collateral proceeding be attacked for jurisdictional infirmity, and that in such case, the defect in the judgment was available to the defendant only by proceedings instituted directly to set aside the judgment.

Defendant pleaded originally the general demurrer and several special exceptions, and the general issue and several special pleas: 1. There was no such record. 2. No such judgment in force, because no execution had issued within a year. 3. That the judgment sued on was simulated and fraudulent, having been obtained by fraud upon the jurisdiction of De Witt district court, as well as upon that of Lampasas district court, and upon G. Schleicher, who was a resident of De Witt county, etc.; that the transfer and guaranty to Willis being simulated, and without consideration, for the purpose of giving jurisdiction to Lampasas county, the suit being brought in Willis' name for the real benefit of Markward, the present plaintiff, who was defendant in the judgment now sued on by him, etc., etc.

The cause was, at June term, 1883, submitted to the court upon these pleadings, and judgment rendered for Markward against the administrator for the amount of the Lampasas judgment, interest and costs, and costs of De Witt district court, and decree for the enforcement of the lien. The judge of the court filed, at request, his findings of law and fact.

*Stockton & Proctor*, that the record of the judgment was inadmissible in evidence, cited: Freeman on Judgments, secs. 75–78, 407, 408, 409; 2 Phillips on Evidence, pp. 138, 139; 1 Greenleaf on Ev., sec. 511; Philipson *v.* Bates, 2 Mo., 95; 22 Am. Dec., 629; Burrill's Law Dic., title "Record;" 5 Jacob's Law Dic., same title; Christine *v.* White, 6 Serg. & R., 107; Mason *v.* Wolff, 50 Cal., 246.

That the failure to index it was fatal, they cited: 1 Pasch. Dig., art. 3963; 2 Pasch. Dig., arts. 7005–6; R. S., arts. 3158–9.

*Lackey, Stayton & Kleberg*, that the judgment could not be collaterally attacked, cited: Yates *v.* Houston, 3 Tex., 433; Weathered *v.* Mays, 4 Tex., 387; Lawler *v.* White, 27 Tex., 250; Meuley *v.* Mitchell, 32 Tex., 460; Fitch *v.* Boyer, 51 Tex., 336; Murchison *v.* White, 54 Tex., 78; Crane *v.* Blum, 56 Tex., 325; Freeman on Judgments, sec. 126.

WILLIE, CHIEF JUSTICE.— It has been heretofore held by this court, that, in an action upon a domestic judgment, it is not necessary to plead or prove any of the proceedings in the cause previous to the rendition of the judgment. If the sufficiency of these pleadings can be called in question at all, it must be by pleading and evidence on the part of the defendant. Bullock *v.* Ballew, 9 Tex., 500; Mc-Faddin *v.* Lockhart, 7 Tex., 573.

It was doubtless error in the court below to admit in evidence a certified copy of a portion of an instrument without requiring the whole of it to be offered. This portion was admitted for the purpose of showing that the proper affidavit was made to procure the service by publication upon which judgment was rendered against Schleicher. That was a fact not necessary to be proved in the cause, and evidence of it had no effect to give the judgment any greater validity or force than it otherwise possessed. The judgment itself recites that Schleicher was absent from the state, and that service was made by publication as provided by statute, and the presumption is that everything occurred which was necessary to authorize such service.

When a cause is submitted upon law and fact to the judge alone, the admission of illegal evidence is not cause of reversal, when there is sufficient legal testimony to justify his finding. Upon this principle the judgment below cannot be disturbed, because the court improperly admitted the certificate of the district clerk of Lampasas county, to the effect that execution had issued upon the judgment within one year after its rendition.

But that fact was abundantly proved by a certified copy from the execution docket of the district clerk of Lampasas county. It is objected that this, too, was illegal evidence; but our Revised Statutes (art. 2332) provide that the entries in these dockets shall be taken and deemed to be a record; and, if so, they are of as much dignity as the execution itself. Certified copies of such entries were held proper evidence before the passage of the Revised Statutes, at a time when the law did not expressly provide that they should be considered a record. Pasch. Dig., art. 3773; Portis v. Ennis, 27 Tex., 578.

All objection to their admission is now certainly removed; and the issuance of the execution in the proper time having been thus proved, the error in admitting other proof of it becomes unimportant.

The statutes in force at the time the judgment against Schleicher & Markward was recorded did not require that judgments should be indexed as well as recorded before operating as a lien upon the property of a defendant therein. Pasch. Dig., arts. 7005, 7006. It is unnecessary to discuss the requirements of our Revised Statutes on the subject, as this judgment was rendered and recorded before their adoption.

The remaining points made by appellant, which we deem it necessary to notice, may be considered together, as they all refer to the attack made upon the judgment because of the alleged fraud in its procurement. The court below held in effect that, admitting the judgment was obtained by fraud, it could not be attacked in this manner, but only upon appeal or bill of review.

It will not be necessary for us to consider whether or not the court was correct in this ruling, for, in the view we take of the case, the conclusion of the judge that the judgment was not successfully assailed by the appellant can be supported upon other grounds, and it will not be required that we decide as to the character of the attack made upon it, whether collateral or not.

The special plea of appellant which alleges the fraudulent means by which Markward had the suit brought, service by publication

effected and judgment obtained in Lampasas county does not set up any meritorious defense which Schleicher had against the claim sued on, or could have pleaded, had he been sued and properly served in De Witt county.

It is a rule of equity established by the weight of authority, "that notwithstanding an illegal writ of service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be other or different from that already reached." Freeman on Judgments, § 498; Crawford v. White, 17 Iowa, 560; Stokes v. Knarr, 11 Wis., 389; Gregory v. Ford, 14 Cal., 138, and other authorities.

Our own decisions are to the effect that on application to review a judgment rendered upon service by publication, the applicant must allege that he has a good defense to the claim upon which the original suit was founded. Snow v. Hawpe, 22 Tex., 168. And this although, as in this case, the party sued by publication was at the commencement of such suit an actual resident of the state, and this was known to the plaintiff. Kitchen v. Crawford, 13 Tex., 516. It would be idle to set aside a judgment and retry a cause when no other result but that already attained could possibly be reached.

The plea of the administrator in this cause having failed to allege any legal defense to the claim upon which the judgment in Lampasas county was obtained, and no proof of such defense having been offered by him on the trial, we think the court rightly decided against the plea, and the judgment is affirmed.

Affirmed.

[Opinion delivered February 8, 1884.]

Justice Stayton did not sit in this case.