SAMUEL MORRIS v. W. L. EDWARDS ET AL.

(Case No. 1713.)

1. INJUNCTION.—Where the petition on its face does not show diligence on the part of the one asking for an injunction, it is not error to refuse the relief sought.

2. SAME — AUTHORITIES CITED AND APPROVED.— Nevins v. McKee, 61 Tex., 412; Contreras v. Haynes, 61 Tex., 104; Johnson v. Templeton, 60 Tex., 238; Schleicher v. Markward, 61 Tex., 102; Montgomery v. Carleton, 56 Tex., 431; Plummer v. Power, 29 Tex., 14; Snow v. Hawpe, 22 Tex., 168; Burnley v. Rice, 21 Tex., 183, cited.

ERROR from Anderson. Tried below before the Hon. Peyton F. Edwards.

This was an original injunction suit brought by plaintiff in error against Henry A. Fields and others, the defendants in error, seeking to perpetually enjoin them from selling a tract of land levied on as the property of Fields, by virtue of an execution issuing out of a justice's court in favor of defendant in error, and against plaintiff in error, basing his right to issue the execution on a judgment obtained July 29, 1876, for $198.45, before Henry Fields, as justice of the peace. The following grounds, amongst others, were the basis of the relief sought: 1st. Because the pretended judgment upon which the justice based his authority to issue execution was never written by Henry Fields. 2d. Because Fields never signed the judgment as written, or other judgment in favor of Edwards. 3d. Because the process was not issued in the name of the state. 4th. Because, if there ever was a judgment, the same has become dormant; and 5th. Because Henry Fields and others were never parties to the pretended judgment.

Plaintiff in error sought to avoid the judgment upon the following grounds, viz.: That W. L. Edwards, for the use of Barnes & Wright, brought his suit before Henry Fields, a justice of the peace for Anderson county, to the July term, A. D. 1876, of said court, against Samuel Morris, on a written obligation executed by Morris to Mary E. Dismukes, on the 31st day of December, 1874. The obligation due to Mary E. Dismukes, twelve months from the date thereof, for the sum of $400, for the rent of her separate estate and farm in Anderson county, Texas. That the obligation was made payable to Mary E. Dismukes by the direction of her husband, who said at the time that he desired to keep his wife's business and his separated. That, prior to the marriage of Mary E. Dismukes to George W. Dismukes, he had contracted with her at said price for

the rent of her separate estate. That the obligation as executed was not a negotiable instrument; it was not made payable either to bearer or order, and Mary E. Dismukes never made any assignment, transfer, delivery or parol sale of said obligation. Plaintiff in error had an account against her for the making of repairs and improvements on her separate estate, made by her direction, of the reasonable value of about $100, which it was agreed should be paid on the settlement of said obligation. That, after the maturity of the obligation, Morris, plaintiff in error, paid various sums, reducing the balance to about $95, and declined to pay any more, because of his set-off. That at the July term, A. D. 1876, of Justice Fields' court, he filed his set-off against the suit of Edwards, and offered to prove the same in set-off against this balance, when Edwards objected by his attorney to plaintiff in error proving his said account in set-off; the justice sustained said objection, and gave Edwards a judgment for $98.45 and costs of suit. This judgment was appealed from, and the case went to various tribunals, but the statement in the opinion will obviate any further statement of this cause here.

*Thos. R. Greenwood,* for appellant, on the right to the relief sought, cited: Sec. 19, Bill of Rights, art. 5; sec. 8 of the State Constitution; arts. 2873, 2875, R. S., Style of Writs; art. 5, sec. 12, State Constitution; R. S., arts. 1443, 2281, 3210; Anderson County *v.* Kennedy, 58 Tex., 616; Alexander *v.* Holt, 59 Tex., 205; Johnson *v.* McKissack, 20 Tex., 160; Givens *v.* Blocker, 23 Tex., 633; Cook *v.* De la Garza, 13 Tex., 431; Ward *v.* Cobbs, 14 Tex., 303; Goss *v.* McClaren, 17 Tex., 107; Fisk *v.* Miller, 20 Tex., 572; Burnley *v.* Rice, 21 Tex., 171; Vardeman *v.* Edwards, 21 Tex., 737; Gregg *v.* Bankhead, 22 Tex., 245; Plummer *v.* Power, 29 Tex., 6; Hatchett *v.* Conner, 30 Tex., 104.

*Reeves & Reeves,* for appellee.

WEST, ASSOCIATE JUSTICE.— It seems that this case, involving originally the sum of $95, has been pending before the courts of this state since the year 1876.

It was first tried in the justice's court of Anderson county in July, 1876. It was then carried at once, being prosecuted with vigor, to the county court of that county, and there tried at the September term, 1877. Thence it was carried by appeal by the plaintiff in error to the court of appeals, and there dismissed in November, 1878, for want of a sufficient appeal bond. Not discouraged by this adverse result, the plaintiff in error promptly sued out a writ of

error, and the court of appeals, at the October term, 1880, reversed the judgment rendered against him, and remanded the case. On its return to the county court, it was again tried at the July term, 1881, and was decided adversely to the plaintiff in error, on the ground that the county court had never in fact properly acquired jurisdiction of the subject-matter and parties.

From this adverse action of the county court, the plaintiff in error at once prosecuted an appeal to the Tyler term of the court of appeals in October, 1881, and there the judgment of the county court was affirmed; the court of appeals holding, as the county court had previously decided, that the county court had no jurisdiction of the case, because the appeal from the justice's court had never been properly perfected, so as to confer power on the county court to try the case. Not discouraged by this (seemingly) final action of the appellate court, the plaintiff in error, in July, 1882, filed a suit in the county court of Anderson county for the purpose of enjoining the collection of this judgment that had been rendered five years before against him. The grounds on which the writ of injunction was sued out do not differ materially from those taken in the original suit that had already been finally disposed of by the action of the court of appeals in affirming the judgment rendered in the court below. In January, 1883, the case was transferred to the justice's court (in which court it had originated), and it was there tried in February, 1883, resulting in a verdict and judgment for the plaintiff in error. The case was at once appealed to the county court, and at the March term, 1883, it was transferred from the county court to the district court of Anderson county. See Morris v. Edwards, White & Willson's Civil Cases, Ct. of App., pp. 262, 276.

Having in the meanwhile learned, as he stated, that the county court had no authority to issue the writ of injunction, he in this suit in the district court, in a pleading that appears to be an original petition, applied to the district court for a writ of injunction in May, 1883, and obtained it. To this amended (or original) petition there were twelve exceptions filed, bringing in effect before the court all the matters heretofore passed on. Amongst these exceptions were the following:

"Because the petition of plaintiff in error purported to be an amended original petition, when it was in fact an original petition without a predecessor.

"Because the petition does not aver at what time the husband of Mrs. Dismukes transferred the note to W. L. Edwards, and whether

the same was before or after maturity, or whether Edwards, Barnes or Wright had notice of the offsets, or that the note was the separate property of Mrs. Dismukes.

"Because the petition does not show the date of affirmance on second appeal or the date of filing mandate, without which the allegations concerning dormancy of judgment are altogether insufficient.

"It does not state the nature of said offset, nor whether the same, when sought to be introduced before Justice Fields, was barred by limitation.

"It shows that said offset, if there was any, existed before the trial before Fields, and was known to plaintiff Morris, and alleges no fraud of Edwards, Barnes or Wright.

"It shows that more than a year has expired since judgment in justice's court or trial in county court on affirmance in court of appeals, and does not show that this application has been delayed by any fraud or false promises of defendants, or either of them, and the alleged offsets did not arise prior to judgment.

"It does not show either the nature of offset attempted to be urged before Justice Fields, nor does it show upon what grounds proof thereof was denied by said justice.

"It does not show why plaintiff Morris did not resort to his writ of *certiorari*.

"It does not show that plaintiff's set-off, of whatever nature it may be and by whomsoever made, has long since been barred by any and all statutes of limitation governing personal actions, and moreover that the judgment sought to be enjoined has been affirmed by our appellate court after and on an appeal prosecuted by himself."

On 30th November, 1883, the case was tried, and the district court sustained the exceptions; and so far as the plaintiff in error was concerned, the injunction as to him was dissolved, and a writ of *procedendo* was issued commanding the justice of the peace to proceed to the collection of the judgment previously rendered in favor of the defendant in error Edwards, against the plaintiff in error Morris.

There is no new question presented by this record. This court has frequently held that the party seeking relief must not not only show that injustice has been done him, but he must, in addition, show that he has not been wanting in the proper diligence, and he must disclose clearly that there has been no negligence on his part. In this case there appears to have been a want of diligence as well

as culpable negligence on the part of the plaintiff in error. Time will not permit a further examination of the matter. The following cases are pertinent to the matter in hand: Nevins v. McKee, 61 Tex., 412; Contreras v. Haynes, 61 Tex., 104; Johnson v. Templeton, 60 Tex., 238; Schleicher v. Markward, 61 Tex., 102, 103; Montgomery v. Carleton, 56 Tex., 431; Plummer v. Power, 29 Tex., 14; Snow v. Hawpe, 22 Tex., 168; Burnley v. Rice, 21 Tex., 183. Many other cases from our own courts to the same effect could be cited. The judgment is affirmed.

Affirmed.

[Opinion delivered October 14, 1884.]