## SAM. MORRIS ET AL V. W. L. EDWARDS ET AL.

IN SUPREME COURT, TYLER TERM, 1884.

*Injunction.*—The party seeking relief must not only show that injustice has been done him, but must in addition show that he has not been wanting in diligence, and he must disclose clearly that there has been no negligence on his part.

Appeal from Anderson county.

It seems that this case involving originally the sum of ninety five dollars, ($95.00) has been pending before the courts in this State since the year 1876. It was first tried in the Justice's court of Anderson county in July 1876. It was then carried at once, being prosecuted with vigor, to the county court of that county, and there tried at the September Term 1877. Then it was carried by appeal by the plaintiff in error to the Court of Appeals, and there dismissed in November, 1878, for want of a sufficient appeal bond.

Not discouraged by this adverse result, the plaintiff in error promptly sued out a writ of error, and the Court of Appeals, at the October Term, 1880, reversed the judgment rendered against him, and remanded the case. On its return to the county court, it was again tried at the July Term, 1881, and was decided adversely to the plaintiff in error on the ground that the county court had never, in fact, properly acquired jurisdiction of the subject matter and parties.

From this adverse action of the county court, the plaintiff in error at once prosecuted an appeal to the Tyler Term of the Court of Appeals in October, 1881, and there the judgment of the county court was affirmed; the Court of Appeals holding, as the county court had previously decided, that the county court had no jurisdiction of the case because the appeal from the Justice's court had never been properly perfected so as to confer power on the county court to try the case. Not discouraged by this (seemingly) final action of the appellate court, the plaintiff in error, in July, 1882, filed a suit in the county court of Anderson county for the purpose of enjoining the collection of this judgment, that had been rendered five years before against him. The ground on which the writ of injunction was sued out do not differ materially from those taken in the original suit

that had already been finally disposed of by the action of the court of appeals in affirming the judgment rendered in the court below.

In January, 1883, the case was transferred to the justice's court (in which court it had originated) and it was there tried in February 1883, resulting in a verdict and judgment for the plaintiff in error. The case was at once appealed to the county court, and at the March Term, 1883, it was transferred from the county court to the district court of Anderson county. (See Morris v. Edwards, W. & W. Con. Rep., pp. 262 & 276.)

Having in the meanwhile learned, as he stated, that the county court had no authority to issue the writ of injunction, he, in this suit in the district court in a pleading that appears to be an original petition, applied to the district court for a writ of injunction in May, 1883, and obtained it. To this amended (or original) petition twelve exceptions were filed, bringing, in effect, before the court all the matters heretofore passed on. Among these exceptions were the following:

"Exception excepting to the petition because the petition of plaintiff in error purported to be an amended original petition, when, in fact, it was an original petition without a predecessor.

"Because the petition does not aver at what time the husband of Mrs. Dismukes transferred the note to W. L. Edwards, and whether the same was before or after maturity, or wether Edwards, Barnes or Wright had notice of the off sets, or that the note was the separate property of Mrs. Dismukes.

"Because the petition does not show the date of affirmance on second appeal, or the date of filing mandate, without which the allegation concerning dormancy of judgment are altogether insufficient.

"It does not state the nature of said off, nor whether the same when sought to be introduced before justice Fields, was barred by limitation.

"It shows that said offset, if there was any, existed before the trial before Fields, and were known to plaintiff Morris, and alleges no fraud of Edwards, Barnes or Wright.

"It shows that more than a year has expired since judgment in justice's court, or trial in county court on affirmance in court of appeals, and does not show that this application had been delayed by any fraud or false promises of defendants or either of them, and the alleged offsets did not arise prior to judgment.

It does not show the nature of the offset attempted to be urged before justice Fields, nor does it show upon what grounds proof thereof was denied by said justice.

"It does not show why plaintiff Morris did not resort to his writ of *certiorari*.

"It does not show that plaintiff's set off, of whatever nature it may be and by whom so ever made, has long since been barred by any and all statutes of limitation governing personal actions, and moreover, that the judgment sought to be enjoined has been affirmed by our appellate court after and on an appeal prosecuted by himself."

On Nov. 30. 1883, the case was tried, and the district court sustained the exception and so far as the plaintiff in error was concerned, as to him was dissolved, and a writ of *procedendo* was issued commanding the Justice of the Peace to proceed to the collection of the judgment previously rendered in favor of the defendant in error Edwards against the plaintiff in error, Morris.

There is no new question presented by this record. This court has frequently held that the party seeking relief must not only show that injustice has been done him, but he must in addition show that he has not been wanting in the proper diligence, and he must disclose clearly that there has been no negligence on his part.

In this case there appears to have been a want of diligence as well as culpable negligence on the part of the plaintiff in error. Time will not permit a further examination of the matter. The following cases are pertinent to the matter in hand. Nevins v. McKee, 61 Texas 412; Contraras v. Haynes, 61 Texas, 104; Johnson v. Templeton, (nnreported); Schleicher v. Markward, 61 Texas 102; Montgomery v. Carlton, 56 Texas 431; Plummer v. Power, 29 Texas 14; Snow v. Harpe, 22 Texas 168; Burnley v. Rice, 21 Texas 183. Many other cases from our own courts to the same effect could be cited.

The judgment is affirmed. West, J.