## BENAVIDES v. LUCIO. (No. 11771.)

Court of Civil Appeals of Texas. Fort Worth. April 30, 1927.

Rehearing Denied June 4, 1927.

1. New trial ⚙⟹117(3)—Ordinarily motion for new trial must be filed within term at which judgment was rendered.

Ordinarily motion for new trial must be filed within term at which judgment was rendered, since judgment becomes vested right at expiration of such term, where no motion has been filed, which can only be divested by direct proceedings and for sufficient legal cause in some of modes known to law.

2. Judgment ⚙⟹335(3)—To obtain new trial, defendant not appearing after service by publication must allege that failure to answer was not his fault and that he acted promptly and facts authorizing different judgment (Rev. St. 1925, art. 2236).

To entitle defendant to new trial on petition for bill of review under Rev. St. 1925, art. 2236, where defendant has not appeared in person or by attorney of his own selection after service by publication, defendant must allege that failure to answer was not due to his fault, and that he acted promptly on being informed of suit, and facts which would call for rendition of judgment different than that rendered.

3. Judgment ⚙⟹335(3)—Defendant not appearing after service by publication held not entitled to new trial, where petition for review did not state facts showing probability of favorable judgment (Rev. St. 1925, art. 2236).

Defendant, who did not appear after service by publication, *held* not entitled to new trial on petition for review under Rev. St. 1925, art. 2236, where petition did not state facts showing that he would have probably secured judg-

ment had he been present when judgment was rendered against him.

**4. New trial ⟳119—Granting of new trial after term time is discretionary with trial court.**

It is largely discretionary with trial court as to whether new trial should be granted when application is made after term time.

**5. New trial ⟳119—New trial should be granted after term time only in clear case of fraud or injustice or on newly discovered evidence.**

New trial should not be granted after term time unless application is founded on some clear case of fraud or injustice or upon newly discovered evidence.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by Mrs. Concepcion Lucio against Eutimio R. Benavides. Judgment for plaintiff, and, from a judgment denying defendant's petition for a bill of review, defendant appeals. Affirmed.

Frank R. Graves, of Fort Worth, for appellant.

M. L. Munday, of Fort Worth, for appellee.

BUCK, J. On March 24, 1925, Mrs. Concepcion Lucio, a feme sole, filed suit in the county court at law No. 2 Tarrant county, Tex., in the nature of an action for debt, against Eutimio R. Benavides, who was alleged to be a nonresident of the state of Texas. Plaintiff alleged that on or about May 10, 1924, she loaned the defendant $25 in cash, which he had appropriated to his own use and benefit and failed and refused to repay her; that on or about May 28, 1924, the defendant contracted to sell to the plaintiff certain described real estate in the city of Fort Worth, and in the Worth Heights addition thereto, the same being lot 11 in block 35, for a consideration of $600; that, under the contract and understanding aforesaid, the $25 loaned defendant by plaintiff was to form a part of the $600 consideration for the above-described real estate, and that, upon entering into said contract of purchase, the plaintiff paid and delivered unto defendant as a part of the consideration the sum of $300 in cash, which, together with the $25 loan, made a cash payment of $325; that of the balance due, to wit, $275, defendant alleged that there was $115 due his grantor, and that such amount was all that was due by him on said property, and that he had a good and valid title from his grantor and would convey to plaintiff such title. Plaintiff alleged that the above contract and agreement was made in East Chicago, state of Indiana, and that when plaintiff returned to Fort Worth shortly thereafter she learned that defendant did not have a deed to said property but had only a contract to purchase the same, and that he was not entitled to a deed until the whole of the purchase money was paid; that thereupon she refused to pay the balance due until the defendant should perfect his title; that the defendant thereupon claimed that he had sold said land to the plaintiff for $852 instead of $600, and demanded of her the payment of $852 as the purchase price, which the plaintiff declined and refused to pay; that the defendant thus failed to carry out his contract, and plaintiff elected to rescind and did rescind the contract, whereupon defendant was due plaintiff the sum of $325, for which she prayed judgment.

Plaintiff filed an attachment on the lot in controversy, and prayed for a foreclosure of her attachment lien. On May 6, 1925, defendant's attorney, appointed by the court, filed his formal answer.

The record contains a statement of facts, approved by the trial court and signed by the attorneys for both parties, in which statement substantially the facts pleaded by plaintiff are shown. On May 6, 1925, plaintiff recovered judgment against defendant in the sum of $339, with interest and costs of suit, and for a foreclosure of her attachment lien on the lot in controversy. It was further ordered that the clerk of the court issue an order of sale and execution and writ of possession, directed to the sheriff or any constable of Tarrant county, ordering and directing said officer to seize, advertise, and sell under said order of sale and execution the lot in question, and said officer was ordered to execute and deliver to the purchaser at said sale a good and valid sheriff's deed, conveying unto said purchaser all the right, title, and interest in and to said land theretofore vested in the defendant.

On March 23, 1926, the defendant filed his petition for bill of review, which, in substance, alleges: (1) That defendant resides in Tarrant county, Tex., although he has recently temporarily resided in East Chicago, Ind. (2) That plaintiff filed suit on March 24, 1925, at which time the defendant was temporarily residing in the state of Indiana, and plaintiff filed her affidavit for citation by publication and caused to be issued and published citation against the defendant in a suit upon debt alleged to be due, as more fully appeared in plaintiff's petition. (3) That the defendant would not have known that said cause was pending, and did not know that the said suit had been filed until long after judgment was rendered, and that he was not present and was not represented by an attorney of his own choosing. He further alleged that, if he had known said suit was pending, he would have entered appearance and urged his defense, and in this connection the defendant alleged that he had a good and valid defense to plaintiff's cause of action and that

he would have presented the same if he had had an opportunity to do so. (4) Defendant further alleged that the judgment theretofore rendered in this cause was erroneous, and the testimony upon which the judgment was rendered was false, and that plaintiff well knew the same to be false, in that "plaintiff perpetrated a fraud upon the court and upon this defendant in procuring a judgment herein upon a citation by publication." This petition was signed and sworn to by the defendant.

The plaintiff filed her original answer to defendant's petition for a bill of review, which consisted of a general demurrer and several special exceptions, and further pleaded that, in case the court should not sustain the demurrer, she had received a good and valid deed executed by Carl Smith, sheriff of Tarrant county, conveying to her the lot in question, theretofore on July 7, 1925; that at said time the property was in a run-down condition and not in a revenue bearing condition; that she had been forced to expend in way of repairs the sum of $250, and had done considerable other work and incurred other expenses to the amount of $50. She prayed that she be given judgment against defendant in the additional sum of $300.

On June 15, 1926, defendant filed his first amended petition for bill of review. In this amended pleading, defendant alleged that, at the time plaintiff's suit was filed, defendant was a nonresident of the state. His petition contained several exceptions to plaintiff's original petition, which are really no more than general demurrers, and he further pleaded that he had made a contract with plaintiff to sell her the lot in question for the sum of $800 in money and assume other indebtedness, and that defendant was to convey to plaintiff a merchantable title to said real estate; that defendant was at all times ready, willing, and able to comply with the terms of said contract, but that plaintiff had wrongfully breached the said contract and refused to comply therewith and demanded of defendant a cancellation and rescission thereof; that the defendant offered to plaintiff a proposition of cancellation and rescission of said contract upon conditions made by defendant, but he alleged that plaintiff refused his proposition, and that therefore there was no agreement of cancellation and rescission. He further alleged that the plaintiff fraudulently undertook to obtain an unfair advantage over the defendant, and filed this suit for the purpose of obtaining a purported judgment against defendant and procuring a purported sale of the said real estate; that plaintiff, in pursuance of her fraudulent scheme and design, practiced a fraud upon the court, both by her pleadings and her testimony.

The court, on June 15, 1926, entered an order sustaining plaintiff's general demurrer in the following language:

"On this the 15th day of June, A. D. 1926, in the above-entitled and numbered cause, wherein Concepcion Lucio is plaintiff and Eutimio R. Benavides is defendant, came the parties by their attorneys, and then came on to be heard the plaintiff's answer by general demurrer, to defendant's petition for bill of review, and, after hearing said petition for bill of review and after hearing the general demurrer of the plaintiff thereof and after hearing the arguments of counsel thereon, and it appearing to the court that defendant's petition is insufficient in law and that said petition should be in all things refused and that the relief therein prayed for should be in all things refused, it is the opinion of the court that the law is for the plaintiff, and, defendant failing to amend, it is therefore considered, adjudged, and decreed by the court that plaintiff's general demurrer be in all things sustained, and that defendant's petition for bill of review be refused and denied in all things and said petition be dismissed, and that all costs in this behalf expended be taxed against defendant, Eutimio R. Benavides, for which let execution issue."

From this judgment the defendant has appealed.

## Opinion.

Appellee urges that from the wording of the order sustaining plaintiff's general demurrer to defendant's petition for review, and in view of the fact that the record does not disclose that defendant below actually secured the leave of the court to file his amended petition, filed on the day the court entered its judgment sustaining plaintiff's general demurrer and dismissing said cause, and in view of the fact that the petition for bill of review was filed March 23, 1926, and the purported amended petition was filed June 15th thereafter, it is evident that the trial court, either did not authorize the amended petition to be filed, or did not consider same, and acted only upon the original petition. It is true the language of the order sustaining the general demurrer lends some support to this contention, but the amended petition recites that it was filed with leave of the court first had and obtained, and we see no reason why the amended petition should not have been allowed to be filed. Therefore we hesitate to dispose of the case on the theory advanced by appellee.

[1, 2] Ordinarily a motion for new trial must be filed at least within the term in which the judgment was rendered. A judgment becomes a vested right at the expiration of the term, where no motion has been filed, which can only be divested by direct proceedings and for sufficient legal cause in some of the modes known to the law. 20 R. C. L. p. 303, § 84. Article 2236, 1925 Civil Code (Rev. St. 1925), provides that, in cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection, the court may grant a new trial upon petition of the de-

fendant showing good cause, supported by affidavit, filed within two years after such judgment was rendered. To entitle the defendant to a new trial, upon the petition for bill. of review, petitioner must allege facts to the following effect: (1) That his failure to answer at the term when the original judgment was entered was not due to any default of his, or negligence on his part; (2) that he acted promptly, upon being informed of said suit and the rendition of the judgment in filing his petition for a bill of review; (3) that, had he been allowed to file his answer in the original cause of action and litigate the same through an attorney of his own choosing, he would have presented testimony and evidence of a character showing that the judgment rendered was unjust and had deprived him of his legal rights, setting forth such facts relied upon. See Goss v. McClaren, 17 Tex. 107, 67 Am. Dec. 646. The application must show facts which would call for the rendition of a judgment different from that rendered. Keator v. Case (Tex. Civ. App.) 31 S. W. 1099; Schleicher v. Markward, 61 Tex. 99; Snow v. Hawpe, 22 Tex. 168. In Schleicher v. Markward, supra, it is said that it is a rule of equity, established by the weight of authority, that, notwithstanding an illegal writ of service of process, a court of equity will not interfere to set aside a judgment until it appears that the result will be other or different from that already reached, citing Freeman on Judgments and other authorities.

[3-5] We are of the opinion that the original petition for review did not meet the requirements and did not state any facts showing that the defendants below would probably have secured a judgment in his favor had he been present in court at the time the judgment against him was rendered. He indulges in a good many conclusions, but he adduces no facts of the character necessary in such a petition. Nor do we think that in his amended petition he states such facts as would have impressed a just trial court that the defendant had been deprived of some legal right in the trial of the case during his absence, and if a new trial should be granted that a judgment different from that already rendered would probably be rendered. In the amended petition, he practically admits the allegation of the plaintiff that at least negotiations had been had towards the cancellation and rescission. He says that the proposition for cancellation and rescission was made by him, and was not acceptable to the plaintiff. But he does not offer to do equity or to pay to plaintiff the amount of money she had paid him for the lot. This character of motion for a new trial is largely equitable and dependent upon equitable principles. It is largely discretionary with the trial court as to whether a new trial should be granted when made after term time and the relief should not be granted unless the application is founded upon some clear case of fraud or injustice or upon newly discovered evidence.

We are inclined to think that no error is shown in the action of the trial court in sustaining plaintiff's general demurrer.

The judgment is affirmed.