**Betty Moss CORBIN, Appellant,**

v.

**LINZ BROTHERS INC., Appellee.**

No. 4569.

Court of Civil Appeals of Texas, Eastland.

Oct. 11, 1972.

Rehearing Denied Nov. 3, 1972.

Gordon Asbury, Jr., Abilene, for appellant.

Lester O. Berg, Jack H. Bryant, Abilene, for appellee.

McCLOUD, Chief Justice.

This is a default judgment case where the defendant, Betty Moss Corbin, following the entry of judgment filed a motion for new trial alleging that she had not been personally served with citation.

The plaintiff, Linz Brothers, Inc., sued both Betty Moss Corbin and her husband, Joe A. Corbin. Linz alleged that it sold three diamond rings to Joe A. Corbin; that he executed promissory notes in payment; and, that he also executed a security agreement and financing statement. Linz further alleged that Betty Moss Corbin had possession of the rings and was claiming title to them. Plaintiff sought foreclosure of its security agreement against both defendants and also a personal judgment against Joe A. Corbin for the balance due. Neither defendant answered and judgment by default was entered against both defendants for foreclosure of the security agreement and for money damages. The court overruled Betty Moss Corbin's motion for new trial and she has appealed. Joe A. Corbin has not appealed.

Linz concedes that its pleadings will not support a money judgment against Betty Moss Corbin but argues that the foreclosure portion of the judgment should be affirmed. We agree.

Betty Moss Corbin contends that she was never personally served with citation. We do not reach the service of citation question because we think Betty Moss Corbin was required to properly allege and prove that she had a meritorious defense and she failed to discharge this requirement. McEwen v. Harrison, 162 Tex. 125, 345 S.W. 2d 706 (1961); Ivy v. Carrell, 407 S.W.2d 212 (Tex.Sup.1966); Ward v. Nava, 483 S.W.2d 510 (Tex.Civ.App., Houston 1972, writ granted Oct. 4, 1972).

The pleadings will not support a money judgment against Betty Moss Corbin. We therefore reform the judgment and delete that portion awarding plaintiff money damages against Betty Moss Corbin. As reformed the judgment is affirmed.