**Tommy COLLUM, Appellant,**

v.

**Sammie ANDERSON, Jr., et ux., Appellees.**

**No. 18194.**

Court of Civil Appeals of Texas, Dallas.

Nov. 1, 1973.

Rehearing Denied Nov. 21, 1973.

Michael V. Killough, Boyd & Killough, Dallas, for appellant.

Wyatt W. Lipscomb, Garland, for appellees.

CLAUDE WILLIAMS, Chief Justice.

Sammie Anderson, Jr. and wife brought this action in the nature of a bill of review against the State of Texas and Tommy Collum seeking to set aside a judgment in favor of the State for delinquent taxes on certain real property located in Dallas County and owned by the Andersons. The petition also sought to set aside and hold for naught the purchase of the property by Tommy Collum at a tax sale. Following trial by the court, without a jury, the court set aside the previous foreclosure decree, and awarded to Collum an amount of money sufficient to cover the purchase price paid by Collum which had been tendered into the court by Anderson. Collum appeals.

■ In his first point of error appellant Collum contends that the trial court erred in failing to require the appellees to either allege or prove that they had a meritorious

defense to the original tax suit. We sustain this point of error and reverse the judgment.

In their petition for bill of review the Andersons allege that service upon them by publication pursuant to authority of Texas Rules of Civil Procedure, rule 117a, section 3, did not constitute valid service upon them for the reason that they were not nonresidents of the state and that their address at the time of the institution of the suit was known to the taxing authority. They asserted that in the absence of due process in the form of valid service of citation the judgment in the tax foreclosure suit was void.

The only allegation in their petition relating to the matter of meritorious defense is as follows:

> The plaintiffs at all times were able and willing upon demand or citation by the Court to make answer for themselves and to pay any just taxes. The plaintiffs did not waive their rights and but for the failure of the State to properly serve them, they would have paid the taxes, answered the suit and but for the defects the Judgment would not have been entered. The plaintiffs exercised due diligence and was not negligent in any of their action and their meritorious defense is that they were living on the land and were not served with citation.

Collum excepted to the petition on the ground that "it does not allege that the plaintiff has a meritorious defense to the tax suit wherein judgment was rendered against him, which judgment he now seeks to annul; and he does not show the court that there is good ground to suppose that a different result will be obtained by a new trial."

The trial court overruled this exception. The Andersons did not present any evidence tending to show that they did not owe the taxes alleged to be due. They did deposit in court an amount sufficient to cover the purchase price paid by Collum when he purchased the land at the sheriff's sale.

As early as 1854 our Supreme Court in Mussina v. Moore, 13 Tex. 7, said that in an equitable proceeding such as a bill of review seeking to set aside a prior judgment for lack of proper service it was essential that the party demonstrate that he had a good defense against the suit. The same rule was stated by Chief Justice Wheeler in Snow v. Hawpe, 22 Tex. 168, (1858). In 1884 Chief Justice Willie, in Schleicher v. Markward, 61 Tex. 99, said:

> Our own decisions are to the effect that on application to review a judgment rendered upon service by publication, the applicant must allege that he has a good defense to the claim upon which the original suit was founded. Snow v. Hawpe, 22 Tex. 168. And this although, as in this case, the party sued by publication was at the commencement of such suit an actual resident of the state, and this was known to the plaintiff. Kitchen v. Crawford, 13 Tex. 516. It would be idle to set aside a judgment and retry a cause when no other result but that already attained could possibly be reached.

■ In 1950 the Supreme Court, in Alexander v. Hagedorn, 148 Tex. 565, 226 S. W.2d 996, reiterated the rule that in a bill of review proceeding the party seeking such relief must show (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by fault of the opposite party (3) without fault of his own. Failure to obtain proper service of citation would probably satisfy the second and third requirements set forth by the Supreme Court. Kelly Moore Paint Co. v. Northeast Nat'l Bank, 426 S.W.2d 591 (Tex.Civ.App.—Fort Worth 1968, no writ). However, such cannot be said to satisfy the first requirement. It would be an idle gesture to set aside a judgment and retry the suit when the same result would be inevitable.

In McEwen v. Harrison, 345 S.W.2d 706 (Tex.1961), the Supreme Court, speaking through Mr. Chief Justice Calvert, pointed

out that if the complaining party had no meritorious defense to the suit, the setting aside of the judgment would be a vain act and a trespass on the time of the court. The court then said:

> If, * * * a defendant has not been negligent in suffering a default judgment to be rendered against him by a court which had jurisdictional power to render it, or in permitting it to become final, and if he has a meritorious defense to the suit, he may still have the suit tried on its merits with the right to require the plaintiff to prove his case and the corresponding right to establish his defense. Texas Employers' Ins. Ass'n v. Arnold, 126 Tex. 446, 88 S.W.2d 473, 474; Wear v. McCallum, 119 Tex. 473, 33 S.W.2d 723, 724.

All subsequent authorities from both the Supreme Court and the intermediate appellate courts have continued to restate the express requirement that a party seeking a bill of review must plead and prove a meritorious defense. Gracey v. West, 422 S. W.2d 913 (Tex.1968); Texas Machinery & Equipment Co. v. Gordon Knox Oil & Exp. Co., 442 S.W.2d 315 (Tex.1969); Parker v. Holland, 444 S.W.2d 581 (Tex. 1969); American Spiritualist Ass'n v. City of Dallas, 366 S.W.2d 97 (Tex.Civ.App.— Dallas 1963); Corbin v. Linz Bros., Inc., 485 S.W.2d 942 (Tex.Civ.App.—Eastland 1972); Innmon v. Mouser, 493 S.W.2d 290 (Tex.Civ.App.—Austin 1973, no writ); Bohn v. Bohn, 498 S.W.2d 267 (Tex.Civ. App.—Houston [14th Dist.] 1973, no writ).

It is obvious that the trial court committed error in not sustaining appellant's special exception directed to appellees' petition for bill of review. Gehrke v. State, 363 S.W.2d 490 (Tex.Civ.App.—San Antonio 1962, writ ref'd).

■ In his second point of error appellant contends that since the affidavit upon which service in the tax suit was based met all the requirements of the rule relating to such affidavits the trial court erred in concluding that the requirements for public citation did not exist. Both the pleadings and proof of the Andersons com-

pletely negate the allegations contained in the affidavit in support of service by publication. Accordingly, we cannot say that the trial court's finding which is attacked lacks support in the record. Appellant's second point is overruled.

In view of a new trial, we deem it appropriate to discuss the question of meritorious defense. A review of the record convinces us that both counsel for appellees and the trial court apparently misunderstood the nature of a meritorious defense. We believe that a "meritorious defense" is one that is asserted as a defense to the cause of action alleged to support the judgment. Alexander v. Hagedorn, *supra*. In this proceeding the Andersons alleged only that if they had been served they would have paid the taxes. This obviously does not amount to a meritorious defense. Appellees' contention that a foreclosure of a tax lien should be viewed differently than other proceedings in a bill of review action cannot be sustained. This court in Robinson v. State, 143 S.W.2d 629 (Tex.Civ.App. —Dallas 1940, writ dism'd, cor. jdgmt), considered a bill of review in a similar situation and held that mere willingness to pay the taxes now is not a meritorious defense and the fact that the plaintiff in that case would have paid the taxes if served with citation is likewise not a meritorious defense.

■ On remand, the Andersons may amend their pleadings and assert a meritorious defense if they can. Conceivably, and without limitation, meritorious defenses which might be asserted are that the taxes were not levied properly, that the land was not subject to the tax, that the taxes were not delinquent, etc.

■ Without placing any limitation or qualification upon our opinion herein concerning the necessity for pleading and proving a meritorious defense to the original tax suit, some consideration may be given to the possibility of additional equitable relief to that already sought. When a tax lien has been foreclosed the property owner has a statutory right of redemption for a period of two years after recording

the purchaser's deed. Tex.Rev.Civ.Stat.Ann. art. 7345b (Vernon 1960). If a tax judgment is obtained without proper service the property owner may be deprived not only of his right to appear and defend the suit but also may be deprived of his statutory right of redemption. If the Andersons are able to plead and prove that without any fault or negligence on their part they were deprived of their statutory right of redemption by judgment taken against them without notice, together with any other circumstance, such as gross inadequacy of price, which would tend to establish unfairness of the sale, and they tender into court the amount required for such redemption, they might possibly be entitled to equitable relief permitting them to exercise their right of redemption beyond the two year period allowed by the statute. It should be understood that we do not decide this question but merely point out the possibility of enlargement of appellees' claim for equitable relief not only from the original tax judgment but from the foreclosure sale following such judgment.

The judgment of the trial court is reversed and the cause remanded to the trial court for further proceedings.