### KNIGHT v. DURHAM.

(Court of Civil Appeals of Texas. March 20, 1911.)

1. **APPEAL AND ERROR (§ 730*)—ASSIGNMENTS OF ERROR—RULINGS ON INSTRUCTIONS.**

In an assignment directed to the giving or refusal of charges, either the assignment or the statement must give at least so much of the substance of the charge as will enable the court on appeal to determine whether it is in form and substance proper, and generally it is better to set out the charge in full.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

2. **WATERS AND WATER COURSES (§ 54*)—RIGHTS OF RIPARIAN OWNERS—LEVEES.**

An owner of land bounded by a stream may make such levees on his own land as will prevent water from overflowing the same, provided he does not materially injure the adjacent owner.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 54.*]

3. **WATERS AND WATER COURSES (§ 60*)—RIGHTS OF RIPARIAN OWNERS—LEVEES.**

A purchaser of land bounded on a stream need not submit to injurious effects on his land by an obstruction to the usual flow of the water in existence at the time of the purchase, unless the adjacent owner creating the obstruction acquired a right from the former owner to erect the obstruction with its injurious consequences.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 60.*]

4. **WATERS AND WATER COURSES (§ 127*)—OBSTRUCTION TO WATERS—PRESCRIPTION.**

That a levee obstructing the usual flow of the waters of a stream forming a boundary between adjacent land was allowed to remain for over 25 years without complaint was a bar to equitable relief to enjoin its continuance.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 127.*]

5. **WATERS AND WATER COURSES (§ 63*)—OBSTRUCTIONS—ACTIONS—ISSUES.**

Where the petition in an action for obstructing a stream forming the boundary between adjacent tracts was directed to levees constructed by defendant on his land after the acquisition by plaintiff of his land, and no levees were shown to have been erected prior

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

to plaintiff's purchase, except an old levee which had existed without objection for 'more than 25 years, it was not error to limit the jury to the consideration of such levees as were constructed since the construction of the old levee and since the acquisition of the land by plaintiff.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 63.*]

6. WATERS AND WATER COURSES (§ 61*)—OBSTRUCTION TO FLOW OF WATER—EQUITABLE RELIEF.

Equity will not interfere at the suit of an owner of land bordering on a stream with a right of the adjacent owner to erect levecs on his own land, unless material injury results therefrom.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 61.*]

7. TRIAL (§ 255*)—INSTRUCTIONS — MEANING OF WORDS.

A party desiring a definition of the word "materially," as used in an instruction relating to material injury to land, must request a special instruction to that effect, or he cannot complain of the failure of the court to define the word.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 639; Dec. Dig. § 255.*]

8. TRIAL (§ 252*)—INSTRUCTIONS — MISLEADING INSTRUCTIONS.

Where, in an instruction for obstructing the natural flow of the waters of a stream by the erection of levees, the evidence showed that cuts had been made through bends of the stream to straighten its course, and in making these cuts embankments had been thrown on defendant's side of the stream which operated to divert the water, and that some of the work had been done by both parties jointly and other parts of it with plaintiff's consent, an instruction submitting to the jury the issue as to whether any of the levees were made by consent of or in pursuance of an agreement with plaintiff was not misleading.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 252.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Action by J. W. Knight against W. I. Durham. From a judgment for defendant, plaintiff appeals. Affirmed.

Mooney & Mann, for appellant. Joe W. Thomas, for appellee.

REESE, J. In this case J. W. Knight sued W. I. Durham for damages to his land by reason of the erection of levees along the creek, the boundary between their respective farms, by reason of which in seasons of freshets or high water the water which would otherwise overflow defendant's land wholly or in part was wholly thrown on plaintiff's land, damaging the same. Plaintiff also sought · and obtained a temporary injunction restraining the extension of such levees, and prayed that on hearing defendant be required to remove the levees complained of and perpetually enjoined from maintaining them. On the trial plaintiff abandoned his claim for damages, and the cause was submitted to the jury on the other issues involved in the prayer for injunction and abatement of the alleged nuisance.

The jury returned a verdict for defendant, upon which judgment was rendered. Plaintiff filed a motion for a new trial, which was refused, and he prosecutes this appeal.

The defendant in the court below, appellee here, denied the erection of the levees, denied any injury thereby to appellant's land, or that they caused any additional flow of water on appellant's land, and further pleaded limitation, laches, and stale demand. The evidence was sufficient to support the conclusions that, with the exception of an old levee built by appellee 25 years before the institution of the suit, and before appellant became the owner of his farm, on the opposite side of the creek from appellee's farm, appellee had not erected any levees that would affect the flow of the water in the creek, and also that, since the erection of what appellant claims to be such levees, there had been no additional overflow of appellant's land, and no injury thereto, by reason of such increased overflow. The suit was begun in 1909. In 1882, 1883, or 1884, appellee, being then the owner of this farm now owned by him, erected a levee from the hills to the creek, above appellant's land, and thence a short distance along the creek bank. Appellant became the owner of his farm November 20, 1893, and no complaint was ever made of this levee, and, according to the allegations of appellant's petition, no complaint is made in this case of any levees constructed before appellant became the owner of his farm on the date aforesaid, but the petition, both for damages and for injunction and abatement, is directed against the subsequently erected levees. The court in its charge limited the appellant's right to recover to such levees as had been erected since the 20th of November, 1893, the date of appellant's deed to the land owned by him, and submitted to the jury the issues of the erection of levees and consequent injury to appellant's land since that date.

[1] The first assignment of error complains of the refusal of the court to give appellant's requested special charge No. 1; "the same being the law of prescription, and 'not given in the main charge of the court, and which was a correct statement of the law applicable to the case." The language quoted is all of the assignment. The charge is not referred to in the statement accompanying the proposition. It would seem that it is hardly necessary to repeat that in an assignment directed to the giving or refusal of charges either the assignment or the statement should give at least so much of the substance of the charge as to enable this court to determine whether it was, in form and substance, a proper charge. Generally it is better to set out the charge in full. The assignment is not so presented as to require its consideration. We will say, however, that the court does not recognize or present in the

charge the issue of prescription, or appellee's right to maintain the levees by prescription, and the charge requested was not necessary.

[2] By the second, third, and fourth assignments of error appellant complains of the refusal of three several special charges requested by him, each presenting substantially the law with regard to appellant's right to have the water of the creek to flow as it had originally flowed, without being diverted from such usual course, to the injury of appellant's land, by the erection of levees by appellee along the creek on his own land. The charge of the court fully and fairly presented these issues and instructed the jury in the following language: "The defendant, Durham, had and has the right in law to make such cuts, embankments, or levees as he sees proper so to do to prevent water from running across or overflowing his land, provided in so doing he does not materially injure his adjoining owner, J. W. Knight, thereby. In passing upon the question as to whether or not the land and field of plaintiff has or will be damaged by levees or embankments, if any, made by defendant, you will not consider the old levee that was thrown up and made before Mr. Knight acquired his land on the 20th day of November, 1893, neither will you consider any levees or embankments made by the consent in pursuance of any agreement, if any, between said Knight and Durham, or in which, if any, the said Knight assisted in making. Now, gentlemen of the jury, bearing in mind all of the foregoing instructions of law, and the evidence before you, if you believe from a preponderance of the evidence the defendant, W. I. Durham, since the 20th day of November, 1893, has erected levees and embankments on his land, in such way and manner as to change the natural course and flow of the water of Belts creek as it then had and thereby cause the said water of said creek to overflow and run across the land and field of the plaintiff so as to materially injure or damage him, you will find in favor of the plaintiff. But, gentlemen of the jury, although you may find that the defendant, W. I. Durham, has made, thrown up, or erected dams, levees, and embankments upon his land since November 20, 1893, so as to change the natural course and flow of the water of Belts creek, yet unless you further believe from the evidence that the said change so made, if any, has or will materially injure or damage the plaintiff as alleged in his petition, you will find for the defendant." The limitation in the charge to levees erected since November 20, 1893, will be discussed under another assignment. With this exception the jury was not limited, but were required to consider any levees erected as far back as 16 years prior to the institution of the suit. There was no error in refusing the requested charge, in view of the charge of the court on these issues, and the assignments referred to are overruled.

136 S.W.—38

[3] By the fifth assignment of error appellant complains of the alleged refusal of the court to permit the jury to pass on the entire case and determine whether the old levee placed on the creek years ago, and which was a part and parcel of the cause of injury, was a nuisance, or whether its connection, added to all the work done by defendant, if any, constituted a nuisance. It will be seen that in limiting the jury to a consideration of such levees as were built since November 20, 1893, the court withdrew from their consideration the old levee erected not later than 1884. It may have been in the mind of the court that appellant could have no relief against such levees as were built when he bought his farm. That this was the view of the court we are justified in assuming from the particularity of the date, which was the date of appellant's deed. In this view we think the court was in error. The evidence showed that this levee was erected on appellee's land. It cannot be said that appellant must take his land as he found it, and by force of this alone submit to the injurious effects on his land of a dam or obstruction to the usual flow of the waters of the creek merely from the fact that when he bought the dam or obstruction was there, unless it should appear that by virtue of some agreement or otherwise appellee had acquired a right from the former owner to erect the dam with its injurious consequences to his land. But a careful examination of the plaintiff's petition discloses that no complaint is made of this old levee, either of itself or in connection with those subsequently constructed. The complaint is directed evidently to those levees built since he became the owner of the land and in recent years, and to the threatened extension of such levees. It is true that he says in his testimony that he would "like to have this old levee removed," but he does not complain of it in his petition. [4] There is in the testimony just the faintest hint at any damage to appellant's land by this old levee, and the fact that it was allowed to remain for over 25 years without complaint or objection would be a bar to equitable relief in having its continuance enjoined. G., H. & S. A. Ry. Co. v. De Groff, 102 Tex. 433, 118 S. W. 134, 21 L. R. A. (N. S.) 749; 29 Cyc. 1237. That the old levee was innocuous in itself, but became injurious in connection with those subsequently constructed, is not the case stated in the pleadings. [5] No levees were shown to have been erected prior to appellant's purchase, except this old one erected in 1884, or prior thereto. In these circumstances, it was not prejudicial error to limit the jury to the consideration of such levees as were constructed since the construction of the old levee, and since the acquisition of the land by appellant, which amounts to the same thing.

[6] Appellant objects by his sixth and seventh assignments of error to that portion of

the court's charge wherein the jury was required to find that the levees materially injured appellant's land before they could return a verdict for him. Appellant objects to the use of the word "materially," and his contention is that it is not necessary for appellant to show material injury. The result of his contention is that immaterial injury would be sufficient. The levees were erected by appellee, if any were in fact erected, upon his own land, and he had an undoubted right to do so, being limited only in the exercise of such right by the corresponding obligation not to injure the land of appellant. If there was such consequent injury, but it was not material, then the injury is not actionable. Equity certainly will not interfere with appellee's right to erect levees on his own land merely to gratify the whim of appellant and this would be the practical result if the injury to his land was immaterial, which must be understood as not substantial, trivial, or unimportant. Such a case would be proper for the application of the maxim "de minimis."

[7] If appellant desired a definition of the word "materially," which, however, we do not think was necessary, he should have requested a special instruction to that effect. The assignments of error referred to are overruled.

What we have said disposes also of the eighth assignment.

[8] There is no error in the ninth assignment which complains of the submission to the jury of the issue as to whether any of the levees were made by consent of, or in pursuance of an agreement with, appellant. Appellant says there is not a scintilla of evidence as to any levee made with his consent or by agreement with him. There was evidence which tended to show that cuts had been made through bends of the creek to straighten its course, and that in making these cuts embankments had been thrown up on appellee's side of the creek, which operated to divert the water. Several witnesses testified that some of this work had been done by both parties jointly, and other parts of it with appellant's consent. This is what is referred to in the charge, and the jury could not have understood otherwise.

The tenth and eleventh assignments of error are directed to the refusal of the motion for a new trial on the ground that the verdict is contrary to and against the weight of the evidence. The evidence was conflicting as to the making of any levees at all which would divert the flow of the stream, and as to any substantial diversion. The finding of the jury in favor of appellee upon either of these issues is fully supported by the evidence.

We find no ground for reversing the judgment, and it is therefore affirmed.

Affirmed.