### SIMON v. NANCE.

(Court of Civil Appeals of Texas. May 30, 1911. Rehearing Denied Nov. 15, 1911.)

1. NUISANCE (§ 29*)—INJUNCTION — LIMITATIONS.

A suit to restrain a nuisance cannot be brought after the expiration of the time limited by statute for such proceeding.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 68; Dec. Dig. § 29.*]

2. INJUNCTION (§ 113*)—LIMITATIONS.

Mere lapse of time, independent of statute, if unexplained, may be sufficient ground for

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

denying an injunction, and long-continued acquiescence will defeat the right thereto.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 198–201; Dec. Dig. § 113.*]

3. INJUNCTION (§ 13*)—MANDATORY INJUNCTION—INJURY—NECESSITY.

One must show that he would receive substantial injury if the writ were refused, to be entitled to a mandatory injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 13; Dec. Dig. § 13.*]

4. WATERS AND WATER COURSES (§ 124*)—INJURY TO LAND—MANDATORY INJUNCTION—DENIAL—DISCRETION OF COURT.

The tracts of the parties adjoined, defendant's tract being lower than plaintiff's, so that originally the surface water ran from plaintiff's land onto defendant's. In 1882 defendant constructed a ditch parallel with and two or three feet from the boundary, into a creek, and erected a dam to better keep the water back. Plaintiff purchased his tract in 1896, with knowledge of the ditch, and made no objection until suit was brought in 1903. The ditch had eroded into plaintiff's land, but no more than an acre was damaged by its construction, which had been of considerable benefit to plaintiff, and if defendant was required to fill it, at a probable cost of from $400 to $1,000 surface water would stand over some 30 or 40 acres of his land. *Held*, that there was no abuse of discretion in denying a mandatory injunction to compel defendant to fill up the ditch.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent.Dig. § 142; Dec.Dig. § 124.*]

5. INJUNCTION (§ 1*)—DISCRETION OF COURT.

The granting of an injunction is not as a rule a matter of absolute right, but of discretion.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 1; Dec. Dig. § 1.*]

6. INJUNCTION (§ 5*)—MANDATORY INJUNCTION.

Great caution is exercised in issuing a mandatory injunction; plaintiff being required to make out a clear case.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 4; Dec. Dig. § 5.*]

7. WATERS AND WATER COURSES (§ 118*)—SURFACE WATERS—PROTECTION AGAINST.

A landowner can dig a ditch on his own land along the boundary and erect a dam to prevent surface water from flowing thereon from other land.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 128–130; Dec. Dig. § 118.*]

Appeal from District Court, Hays County; L. W. Moore, Judge.

Action by Henry Simon against J. M. Nance. From a judgment in part for plaintiff, he appeals. Affirmed.

See, also, 45 Tex. Civ. App. 480, 100 S. W. 1038.

Will G. Barber and R. E. McKie, for appellant. B. G. Neighbors, for appellee.

RICE, J. Appellant and appellee were owners of two adjoining tracts of land; their common boundary line running from northeast to southwest, and intersected Plum creek, which formed the southwestern boundary of both tracts. Appellant's tract was higher than that of appellee, and surface water which fell on that and other tracts to the north flowed upon appellee's land, discharging itself into said creek through a depression that ran through both tracts. During the year 1882, when appellant's tract was owned by Wm. and Felix Vaughan, his predecessors in title, appellee, for the purpose of preventing the surface water originating on the Vaughan tract from flowing onto his land, constructed a ditch on his land, some 500 or 600 yards in length and 2 or 3 feet from the common line, running parallel with the boundary line of said two tracts to the creek; and likewise erected a dam or dike the entire length of said ditch on his own land, for the purpose of preventing the surface water from overflowing said ditch, and compelling it to discharge itself, through said ditch, into said creek. In 1896 appellant purchased from the Vaughans said tract of land, with the knowledge of the existence of said dam and ditch; but at that time, however, very little, if any, of the ditch had encroached upon or extended over on appellant's side, and it does not appear from the record that any complaint or objection was made by appellant on account thereof until the filing of this suit in 1903. During the year 1902, on account of heavy rains, the ground adjacent to said ditch began to crumble and fall therein from appellant's side, and the same thing occurred in 1903 before the institution of this suit; and, owing to certain work done upon said ditch by appellee for the purpose of deepening and widening the same, as well as the erosion and sloughing off the ditch, before the trial of this case, had encroached upon appellant's side to the extent of some two feet a considerable part of its entire length. The record further discloses that great injury and damage would be done the crops growing from year to year upon appellee's land if this ditch was filled up, and the water from appellant's and other tracts to the north allowed to discharge itself, as aforetime, over his tract. It further appeared that, if said ditch were removed, it would cause the water to stand over some 30 to 40 acres of appellee's land. It was further shown that it would probably cost from $400 to $1,000 to fill up said ditch, and that the ditch was of substantial and permanent benefit, not only to appellee's, but likewise to appellant's, tract of land. This is the second appeal of this case, the first being reported in 45 Tex. Civ. App. 480, 100 S. W. 1038, to which reference is made for a fuller statement of the facts. While this suit was instituted for the purpose of establishing the common boundary line, as well as to recover damages on account of injuries done to said land by the encroachment of said ditch, its chief purpose was to compel appellee to fill up said ditch; or, in the alternative, to require him to construct and maintain a retaining wall to pre-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

vent plaintiff's land from sloughing off into said ditch. Defendant pleaded not guilty, the general issue, two years limitation as to damages, 10 and 20 years prescription as to the ditch, and in reconvention in damages for suing out the injunction. There was a nonjury trial, resulting in a judgment in behalf of appellant, establishing the common boundary line, but denying him all other relief, from which this appeal is prosecuted.

Appellee contends that the judgment of the court should be supported: First, on the ground of laches on the part of appellant in instituting the suit; second, on the ground that it is not shown that appellant has sustained any substantial or material 'injury; and, third, for the reason that after so great a length of time equity will take into consideration the relative rights of the parties, and refuse injunctive relief, where it appears that to grant the relief sought would entail great hardship and expense upon appellee, with but little corresponding benefit to appellant.

[1] A suit to abate or restrain a nuisance must be brought promptly, or the right to equitable relief may be lost. A suit to abate a private nuisance cannot be brought after the expiration of the time limited by statute for such proceeding. 29 Cyc. p. 1237, par. 8; Mondle v. Toledo Plow Co., 9 Ohio S. & C. Pl. Dec. 281, 6 Ohio N. P. 294; Eastman v. St. Anthony Falls Water-Power Co., 12 Minn. 137 (Gil. 77).

[2] The mere lapse of time, independent of the statute of limitation, may be a sufficient ground for denying an injunction, unless legal excuse is shown for such delay. 22 Cyc. 777, and authorities there cited; Morris v. Edwards, 62 Tex. 205. Long and continued acquiescence will defeat the right to injunctive relief. See High on Injunctions, vol. 1, § 756; also, G., H. & S. A. Ry. Co. v. De Groff, 102 Tex. 433, 118 S. W. 138, 21 L. R. A. (N. S.) 749.

[3] It is undoubtedly the law that before a party is entitled to a mandatory injunction it must appear that he would suffer material and substantial injury if the writ were refused.

In Knight v. Durham, 136 S. W. 591, it was held that, before appellant was entitled to injunctive relief in that case, it devolved upon him to allege and show that the dam or ditch complained of would result in material injury to his land. Again, it is said in 22 Cyc. 761, that: "Although it will not be necessary in some cases for the complainant to make an affirmative showing of injury to himself from the acts sought to be enjoined, yet such injury to the complainant must exist, and it must be substantial in character in order to warrant a court of equity in granting an injunction, whether prohibitory or mandatory. A complainant, who can show no injury to himself from the action sought to be prevented, is not entitled to injunction. Equity will not interfere where the complainant's injury is merely nominal or theoretical. On such ground an injunction to prevent the building of a bridge, the maintaining of a ditch or drain, or the making of excavations on an adjacent lot, has been refused." Where the damage is so very small and the right so unimportant as to make the case a trivial one, equity will dismiss the bill. Woodbury v. Portland Society, etc., 90 Me. 18, 37 Atl. 323; Leandano Urban Dist. Council v. Wood, 2 Ch. 705. See, also, 22 Cyc. p. ——, note 27; Cent. Dig. Title Injunction, § 13.

[4] Let us apply the doctrine thus announced to the case at bar. It appears from the evidence that very slight injury is likely to result to appellant on account of the refusal to grant the relief asked. Probably less than an acre of land is damaged by reason of the construction of the ditch and dam complained of, while, on the other hand, it is shown that its erection has been of considerable benefit to appellant, for which reason the action of the court in denying the relief might be justified.

In addition to this, it seems that appellant has stood by for many years without complaint and without taking any affirmative action. And the testimony shows that, if appellee were required to fill up the ditch and restore the land to its original condition, he would be at great expense, to wit, from $400 to $1,000; whereas, the resulting injury to appellant is slight in comparison.

Now, while we do not assert the law to be that an injunction should be refused where a right has been invaded and substantial injury done, alone on the ground that it would entail great expense on the defendant to comply with its mandates, still, where the complainant for a long time has stood by and acquiesced in the performance of the act complained of, it being shown that it would entail great hardship and expense upon the defendant to comply with the writ, the granting of which would be of but slight advantage to the complainant, we think the chancellor might take into consideration the relative rights, benefits, and hardships that would accrue from its issuance, and be justified in refusing the relief asked. In 22 Cyc. p. 779, it is said: "Where the plaintiff, with knowledge of all the facts, has delayed so long in seeking equitable relief without sufficient excuse that the injury to the defendant, if the injunction is granted, will be much greater by reason of expenditures than that suffered by plaintiff, an injunction will be refused."

Again, it is said in 22 Cyc. pp. 782, 783: "If it is clear that there is a violation of a right of complainant, and his injury is regarded as irreparable, and his other remedies inadequate, he is ordinarily entitled to injunction, even though the injunction will cause the defendant a greater loss than his own. But, in any event, when the injunction will cause great injury to the defendant, and

will confer no benefit or very little benefit, in comparison, upon the complainant, it is within the discretion of the court to refuse the application. Likewise, where the complainant can, at comparatively slight cost, protect himself, he is not entitled to equitable relief. In all cases the court takes into consideration the relative inconvenience to be caused to the parties, and will refuse an injunction if it appears inequitable to issue it. The court may, however, refuse to consider the comparative loss or inconvenience to the defendant where his action has been wanton and unprovoked."

[5, 6] An injunction is not a matter of absolute right, but is within the discretion of the court. Great caution is to be used in issuing a mandatory injunction. The complainant must make out a clear case, free from doubt and dispute. See 22 Cyc. 749. An injunction, whether temporary or permanent, cannot as a general rule be sought as a matter of right, but its granting or refusal rests in the sound discretion of the court under the circumstances of the particular case. Id., p. 746.

[7] Appellee was clearly within his rights when he dug the ditch and erected the dam upon his own land for the purpose of preventing surface water from flowing thereon and doing him an injury. See Gross v. Lampasas, 74 Tex. 195, 11 S. W. 1086; Barnett v. Rice & Irrigation Company, 98 Tex. 355, 83 S. W. 801, 107 Am. St. Rep. 636. And so long as he exercises this right without substantial injury to another, the courts will not interfere. See Knight v. Durham, supra, and authorities heretofore cited. He erected this ditch and dam in 1882, supposedly with the consent of the then owners and proprietors of the adjacent tract. Appellant, in 1896, with the knowledge that this ditch and dam were erected, purchased his tract of land, making no complaint or objection to its encroachments until this suit was filed in 1903, so far as the record discloses. It appears that great injury will result to appellee, if the dam is removed and the ditch filled up; that its continued use will result in substantial benefit to both tracts of land; that it will entail great expense upon appellee to remove and fill up the ditch. This condition in part existed and continued for a period of 21 years before the institution of this suit.

Taking into consideration the laches on the part of complainant, the great injury likely to result to appellee if the injunction were issued as prayed for, with the slight benefit that would result to complainant, we are not disposed to interfere with the action of the court who in its sound discretion saw proper to refuse the relief sought, for which reason its judgment will be affirmed.

Affirmed.