WARD COUNTY WATER IMPROVEMENT DIST. NO. 2 v. WARD COUNTY IRR. DIST. NO. 1 et al.   (No. 999.)

(Court of Civil Appeals of Texas. El Paso. June 5, 1919.)

1. INJUNCTION ⊖⊃135—TEMPORARY INJUNCTION—DISCRETION.

Granting of temporary injunction is as a rule matter of discretion with the trial court.

2. APPEAL AND ERROR ⊖⊃954(1)—REVIEW—DISCRETION—TEMPORARY INJUNCTION.

Granting or refusing of temporary injunction will not be disturbed on appeal, unless from all the record it appears manifestly wrong.

3. INJUNCTION ⊖⊃5 — MANDATORY INJUNCTION.

Plaintiff must make out a clear case before a mandatory injunction will issue.

4. APPEAL AND ERROR ⊖⊃839(1) — REVIEW — MATTERS NOT PASSED ON BELOW.

Questions raised in the pleadings, but which the trial court in refusing a temporary injunction refused to consider, so that the record is not in such condition as to allow an intelligent passing thereon, and which are not necessary to a proper disposition of the appeal, will not be considered.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Action by the Ward County Water Improvement District No. 2 against the Ward County Irrigation District No. 1 and others. Temporary injunction refused, and plaintiff appeals. Affirmed.

Jno. H. Boogher, of St. Louis, Mo., and Gaines & Corbett, of Bay City, for appellant.

Lee Monroe, of Topeka, Kan., H. G. Russell, of Barstow, and J. E. Starley, of Ranger, for appellees.

Statement of the Case.

HARPER, C. J. The plaintiff, hereinafter called "Ward County District No. 2," is a duly organized irrigation district under the laws of Texas.

Defendant Ward County District No. 1

is also a duly organized district. And defendant Cedarvale Irrigation & Land Company is a foreign corporation authorized to do business in Texas. All of them are duly authorized to take unappropriated waters from the Pecos river for irrigating lands, making up their respective districts by proper applications granted by the state pursuant to the statutes applicable to irrigation projects.

Ward County No. 1, first to organize in 1889, takes its water by concrete diversion dam at a point on the river above the other two. The Cedarvale receives its waters under an arrangement with Ward County No. 1, and the plaintiff at a point lowest on the river.

Plaintiff filed this suit for an equitable distribution of the waters, under the allegations that it was entitled to a certain amount of water, naming the amount, by virtue of its permits and appropriations, and the further fact of continuous usage for more than 24 years next prior to filing the suit. And further that the water asked for is the requisite amount needed to irrigate the lands riparian to the stream in the district; that the waters asked for are being taken for and used by persons cultivating lands not riparian to the stream; and that the riparian lands are by law given the preference right over nonriparian lands.

Defendants answered by pleas in abatement: (1) That the questions involved have been submitted to the board of water engineers of the state, and all parties at interest have answered; (2) nonjoinder of necessary parties, in that it took its irrigation plant burdened with contractual obligations to furnish water to landowners and users of water situated outside of the district; that it and its predecessors have been diverting the amount of water necessary for irrigating their lands, and no more, for more than 25 years. Also pleaded the three, five, and ten year statutes of limitations.

Upon presentation of appellant's petition to the court, the case was set down for hearing as to the temporary writ, notice given, and upon the hearing the court entered its order refusing the temporary writ from which this appeal.

### Opinion.

The trial court filed the following finding of facts:

"(1) I find for the last two years, or more, an unusual drought has prevailed throughout Western Texas, and, as a result, the flow of the waters of the Pecos river for irrigation purposes has been far below normal as compared to previous years, and far inadequate for the demands of the parties to this suit, and for their patrons.

"(2) I find that, during the last two irrigation seasons, the defendants the Ward County Irrigation District No. 1, and the Cedarvale Irrigation Company have jointly (in obedience to an order of this court No. 1 v. Cedarvale Irrigation Company, pending in Ward county) been using practically all of the normal flow of the Pecos river for irrigation purposes; said Ward County Irrigation District No. 1 using said flow of said river for 25 days, and said Cedarvale Irrigation Company using said flow of said river for 5 days out of each 30 days in accordance with said order of this court above referred to.

"(3) That the flow of the waters in said river during the last two irrigation seasons has been inadequate for the demands of said defendant companies and, in consequence thereof, practically no water at all has been flowing down said river to said Ward County Water Improvement District No. 2, said latter named irrigation system being located down the river and below the two systems first above referred to.

"(4) I further find that the plaintiff has let more than two regular terms of the district court for Ward county pass without instituting any suit against the defendant companies, or systems, seeking to establish the rights of the respective parties to the use of the waters flowing in said river, and that during the last two years the plaintiff has had practically the same grounds for complaint that it now has, and that no emergency exists now that has not existed for as much as 18 months last past, at least.

"(5) I find that during the winter season the defendant companies let practically all of the waters in the Pecos river flow past their dams and headgates, and that during said time said defendant companies were repairing their ditches and canals, as well as dams, and putting their respective systems in first-class shape for operation during the crop-growing season; that during the time said defendant companies were so repairing their respective systems, and, while said waters of the Pecos river were flowing past their dams, the plaintiff company appropriated the flow of said Pecos river and irrigated several hundred acres of land with said flow, being about 60 per cent. of the lands in cultivation in plaintiff's said system.

"(6) I further find that by reason of the fact that the defendant companies were doing repair work upon their said systems during the winter months a very small portion of the lands under their said systems have been irrigated; in fact, only about 10 per cent. of their said lands have been irrigated up to date. However, I further find that said systems are now in fine working condition, and that the farmers are now actively engaged in irrigating their lands so supplied with water by said defendant companies, and that if said defendant companies are not molested, or hindered, practically all of the lands so being irrigated through said defendant companies' systems will be irrigated in ample time to be planted to crops for the year 1919.

"(7) I further find that if the relief prayed for by the plaintiff company is granted, practically all of the normal flow of the Pecos river would be decreed to the plaintiff company, and that in consequence thereof the defendant companies and their patrons would be deprived of the use of practically all of the normal flow of the Pecos river during the spring months of 1919 crop-growing season during which time it is very important that irrigated lands be supplied with water for irrigation purposes.

"(8) I further find that, if the temporary relief prayed for is granted the plaintiff company, that a much greater injury will accrue to the defendant companies and their patrons than would accrue to the plaintiff company and its patrons if said relief is denied."

The decree entered contains the following recitals:

"It appearing to the court from the evidence * * * that there is a sharp controversy between the parties litigant as to their respective rights to the use of the waters flowing in the Pecos river that should be settled by a full and complete trial upon the merits at a regular term of court, * * * and it further appearing to the court that the claims of the relator in and to said waters are questionable, * * * and it further appearing to the court that a greater injury will result to the defendants * * * and their patrons if said temporary injunction so prayed for be granted * * * than would accrue to said relator if said relief is denied, * * * it is therefore decreed that same be and is denied."

[1-3] The granting of a temporary writ of injunction is as a rule a matter of discretion with the trial court, and its decrees granting or refusing the writ will not be set aside unless from all the record it appears to be manifestly wrong. And plaintiff must make out a clear case before a mandatory injunction will issue. Knight v. Durham, 136 S. W. 591; Simon v. Nance, 142 S. W. 661.

We have carefully reviewed the record, including a careful reading of the evidence adduced upon the trial, and are of the opinion that the findings of fact are amply supported thereby, and especially do we approve the conclusion that the rights of the parties are doubtful, and conclude that it properly looked to the balance of convenience which might have arisen from granting the writ, and find that there was no error in refusing the relief prayed for. Townsite Co. v. Land Co., 56 Tex. Civ. App. 611, 121 S. W. 716.

[4] Several questions are proposed by appellees which they insist should be passed on upon this appeal, such as, does the rule of law that property rights may be acquired by prescription and limitations apply as between these parties to their water rights? Whilst these questions and others are raised in the pleadings of each of the parties, the trial court refused to consider them, so the record before us is not such as will enable us to intelligently pass upon the questions. True, we could quote the well-settled principles of law applicable to the abstract questions; but it is not likely that any such would be of material benefit to the court upon final trial. They may not arise, and, believing that the questions proposed are not necessary to a proper disposition of this appeal, they are not passed on.

Affirmed.

---

⬉⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes