## WILLIAMS v. TYLER. (No. 10861.)

(Court of Civil Appeals of Texas. Fort Worth.
Dec. 15, 1923.)

**I. Jury ⚖➡13(12)—Denial of jury trial on issue of fact in suit for permanent injunction, error.**

Where, upon the trial upon the merits of a landlord's action to restrain tenant from pasturing stock on a portion of the land, there was a controverted issue of fact as to what the agreement was between the parties as to pasturing stock, the denial of right to jury trial on such issue was error requiring reversal in view of Const. art. 1, § 15, and Vernon's Sayles' Ann. Civ. St. 1914, arts. 5173-5185.

**2. Courts ⚖➡170—County court without jurisdiction in absence of allegation of amount in controversy.**

In suit for alleged breach of contract, to give jurisdiction to county court it is necessary to allege some measure of damages which plaintiff will suffer and to allege an amount within the court's jurisdiction.

**3. Evidence ⚖➡317(4)—Evidence held objectionable as hearsay.**

In 'landlord's action to restrain tenant from pasturing stock on a portion of the land, evidence of former tenants that landlord had required them to agree not to pasture the land during any portion of the rental year was hearsay.

Appeal from Callahan County Court; Victor B. Gilbert, Judge.

Action for injunction by L. M. Tyler against Walter Williams. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. C. Tisdale, of Baird, for appellant.
B. L. Russell, of Baird, for appellee.

DUNKLIN, J. L. M. Tyler leased a farm to Walter Williams for the year 1923. The farm was to be cultivated principally in corn and cotton, the lessor to receive one-third of the 'corn and one-fourth of the cotton to be raised by the tenant. This suit was instituted by the landlord, Tyler, to restrain the tenant, Williams, from pasturing stock on a portion of the land during the year 1923, upon allegations that the tenant had contracted and agreed as a part of his lease contract, not to graze stock on any portion of the farm at any time. A temporary writ of injunction was issued granting that relief, pending the trial of the suit on its merits. Later, the case was finally tried on its merits, and the temporary writ of injunction theretofore issued was made perpetual, and from that judgment Williams has appealed.

[1] The case was tried on the first day of the term of court to which the suit was returnable. When it was called for trial, the defendant demanded a trial before a jury, and at the same time tendered the statutory jury fee to the clerk and to the court, in connection with a request then and there made that the case be placed on the jury docket and tried before a jury. Upon objection made by the plaintiff, the court overruled that request and proceeded to try the case without the aid of a jury, to which action the defendant excepted, and that ruling has been assigned as error.

The statement of facts brought up to this court as a part of the record, together with pleadings filed by the defendant, show that there was a controverted issue of fact between the parties, which was a material issue. According to the pleadings and testimony of the defendant, it was understood and agreed between him and the plaintiff, as a part of his rental contract, that he would not pasture stock on the land during rainy weather or while the land was wet, but that he would have the right to graze stock on any portion of it after the crops grown thereon had been gathered, if said stock should be confined to that particular portion of the land and not allowed to stray on other portions having growing or ungathered crops thereon.

According to further allegations and testimony of the defendant, after he had gathered the crops growing on certain portions of the land he erected a fence separating that portion from other portions and grazed his stock only on that portion so fenced off, and that he grazed them on that land during dry weather only, and not while the land was wet or while the weather was rainy.

According to allegations in plaintiff's petition, which were supported by his testimony, the agreement between the parties was that the defendant would not pasture stock on any portion of the land at any time. The defendant had the right to have the issue of fact so presented determined by a jury, and for the error of the court in denying that right, the judgment must be reversed, independently of the merits of any other assignment presented. Texas Constitution, art. 1, § 15; Vernon's Sayles' Tex. Civ. Statutes, vol. 3, arts. 5173 to 5185, inclusive; Oil Lease & Royalty Syndicate v. Beeler (Tex. Civ. App.) 217 S. W. 1054. Presumably, the court had in mind the rule that a jury cannot be demanded to try issues of fact upon the hearing of an application for a temporary writ, since the granting of that relief is as a rule within the sound discretion of the judge, unless the facts on which the application is based present solely questions of law. Tyree v. Road District No. 5 (Tex. Civ. App.) 199 S. W. 644; Ward County Water Imp. Dist. v. Ward Co. Irr. District No. 1 (Tex. Civ. App.) 214 S. W. 490; Campbell v. Peacock (Tex. Civ. App.) 176 S. W. 774.

[2] We are of the opinion further that the

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiff's petition failed to definitely show that the county court, in which the suit was instituted, had jurisdiction of the controversy, in that the same contained no allegation of the amount in controversy. The suit was based solely upon an alleged breach of contract, and, in order to give jurisdiction to the county court to determine the controversy, it was necessary to allege some measure of damages which plaintiff will suffer by reason of such breach, and that the amount alleged was within the jurisdiction of the county court. De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882; Young v. Dudney (Tex. Civ. App.) 141 S. W. 116. Without further discussion, we deem it sufficient to note that defect in the pleadings, in view of another trial.

[3] By several other assignments complaint is made of the admission of testimony of several former tenants who had leased the same land from the plaintiff during former years and who were permitted to testify over defendant's objection that in each instance plaintiff had required them to agree not to pasture the land during any portion of the rental year. We believe that such testimony was objectionable because it came within the hearsay rule.

For the error pointed out, the judgment is reversed, and the cause is remanded.