**HILL et al. v. STORRIE et al. (No. 8732.)**

(Court of Civil Appeals of Texas. Dallas. Dec. 17, 1921.)

Municipal corporations &mdash;601 — Zoning ordinance, prohibiting erection of business building in residential zone, held void.

Ordinance of city of Dallas, prohibiting the erection of a business building in certain residential sections of the city, *held* void.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by James Storrie and others against J. R. Hill and others. From a decree refusing to dissolve a temporary injunction, the defendants appeal. Reversed, and injunction dissolved.

Read, Lowrance & Bates, of Dallas, for appellants.

Hatcher & Zumwalt, of Dallas, for appellees.

HAMILTON, J. This is an appeal from a decree refusing to dissolve a temporary injunction granted upon the application of appellees temporarily restraining and enjoining appellants from erecting a building to be used for warehouse purposes on Comal and Starr streets, in the city of Dallas, which is a residential section of said city.

The petition for the injunction alleged that James Storrie, appellee, was the owner of a residence in the city of Dallas situated in close proximity to the lot upon which the proposed structure was to be erected. It was alleged that a permit had been obtained by appellants from the city of Dallas to erect a duplex apartment house on the lot, but that, instead of conforming to the provisions of the permit so issued to them, they were attempting to erect a warehouse, and that a majority of the property owners in the block upon which the appellants proposed to erect the contemplated building did not desire a warehouse to be erected thereupon, and that the city of Dallas had designated the property owned by appellants and appellee as

residence property, and had provided that no business house, warehouse, or storehouse should be erected in said block, and that the undertaking of the appellants in taking steps to erect such building at the location designated was in violation of an ordinance of the city of Dallas, prohibiting the building upon it the character of building appellants intended to construct. It was further alleged that the Postal Telegraph Company contemplated using the building for a storage room, and it was alleged that the construction of such building and the proposed use of it would result in irreparable damage to appellee.

Appellants, in answer to the foregoing allegations upon which the temporary writ of injunction had been granted, and in connection with their motion to dissolve the temporary writ of injunction, alleged facts sufficiently showing that the manner of construction of the building did not constitute it a nuisance in any respect, that the uses to which it was to be applied would be characterized by none of the qualities of a nuisance, and that both the proposed construction and use were altogether lawful, except so far as they were inhibited by the city ordinance pleaded. The motion further alleged that, unless the injunction were dissolved, the injuries inflicted by it upon appellants would be greater than any injury which could possibly accrue to the appellee by declining to dissolve it. The ordinance of the city of Dallas limiting the right of the owner of the building to construct a business house in certain sections of Dallas, including that upon which it was proposed to construct the building, was attacked in the motion and challenged by appellants as being void by reason of being in conflict with the Fifth Amendment to the Constitution of the United States, and also in conflict with section 17 of article 1 of the Constitution of the state of Texas. Its validity was further challenged as being in contravention of the Fourteenth Amendment of the Constitution of the United States and in contravention of section 19 and section 28 of article 1 of the Constitution of the state of Texas.

The question of the limitation of the right to construct any character of building on the lot by reason of a restriction covenant affecting appellants' title does not enter into the case. The only right to any relief as disclosed by the pleadings is based upon the ordinance of the city of Dallas known as the "zoning ordinance," which inhibits, except under certain prescribed conditions, the erection of a building of the kind and character here involved in a residential section of the city of Dallas. The reliance of appellee upon this ordinance being eliminated, nothing remains in the case to support his contention. That appellee cannot rely upon the force of this ordinance for any right to restrain the proposed construction and use of the building has been definitely determined by the disposition of the case of Spann v. City of Dallas, 235 S. W. 513, made by the Supreme Court of this state at the present term. The opinion of the Supreme Court in that case, rendered by Chief Justice Phillips, holds the ordinance to be void and unconstitutional. The comprehensive and conclusive discussion embodied in the opinion of the Supreme Court disposing of the Spann Case renders it unnecessary for us to devote any discussion to this case. We merely refer to the above-mentioned opinion of the Supreme Court, which is reported in 235 S. W. 513.

The city of Dallas came into the instant case by intervention for the purpose of resisting appellants' attack upon the validity of the ordinance relied upon by the appellee. The intervention requires no treatment at our hands, for the reason that it may be disposed of by mere reference to the Supreme Court decision in the case of Spann v. City of Dallas, supra.

Being of the opinion that the temporary injunction in this case could be sustained upon no theory except upon the theory that the construction and use of the building proposed by appellants would be in violation of the zoning ordinance of the city of Dallas and that ordinance, as above stated, already having been finally held to be void, we will reverse the judgment of the trial court and dissolve the injunction granted. It is accordingly so ordered.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes