442

EASON et al. v. DAVID et ux.

No. 3119.

Court of Civil Appeals of Texas.

Waco.

Nov. 12, 1953.

Rehearing Denied Dec. 3, 1953.

D. H. O'Fiel, Beaumont, for appellants.

Adams, Browne & Sample, Beaumont, for appellees.

HALE, Justice.

Appellees instituted this suit in the court below on September 14, 1949, seeking to remove a cloud from the title to their homestead and to secure injunctive relief. On appeal from an order granting the temporary injunction sought by them, the order was affirmed in part. For a full statement of the issues involved upon the former appeal, see Eason v. David, Tex.Civ.App., 232 S.W.2d 427 (er.ref.n.r.e.).

On September 4, 1952, appellees filed their second amended petition, in which they impleaded the City of Beaumont as a party defendant, alleging in substance, among other things, that the tax judgments relied upon by the adverse parties were null and void because neither of the appellees had ever been served with citation in any of the tax suits. They sought judgment decreeing the prior tax judgments, deeds and instruments incident thereto to be invalid and void, and awarding to them the title to the property for which they sued. The case was tried before a jury and on a

special issue verdict judgment was rendered for appellees as prayed for by them. From this judgment two of the defendants, Eason and O'Fiel, have duly perfected their appeal and the cause is now properly pending in this court for review on the points of error set forth in their brief.

Points 1 through 10 are grouped and presented together in the brief of appellants. Under this group of points they say the evidence was insufficient to support the findings of the jury to the effect that neither of the appellees was served with citation in either of the prior tax suits involved in the present proceeding. We overrule each of these points of error.

The record discloses that on January 7, 1933 a tax foreclosure judgment was rendered in Cause No. 17614 by the District Court of Jefferson County in favor of the City of Beaumont against appellees on account of taxes due from 1924 through 1930 on the property involved in the present suit, such taxes amounting to the total aggregate sum of $137.57, exclusive of interest and penalties. On January 23, 1936, another tax foreclosure judgment was rendered in Cause No. 24120 in favor of the City of Beaumont against appellees on account of taxes due from 1924 through 1934 on the property involved in the present suit, such taxes amounting to the total aggregate sum of $212.94, exclusive of interest and penalties. Each of these judgments recites that appellees, though duly and regularly cited according to law to appear and answer, had made default. The return upon the citation issued in each of these suits recites that the writ was executed by delivering a true copy of the citation to each of the named defendants in person. No execution, order of sale or writ of possession was ever issued on the judgment in Cause No. 17614. On April 15, 1936, an order of sale was issued under the judgment in Cause No. 24120, and the Sheriff's return upon the order of sale recites that the property involved in the suit was sold on June 2, 1936 to the City of Beaumont for the amount of the judgment and accrued costs. Pursuant to the foregoing order of sale

and its execution the Sheriff of Jefferson County conveyed the property involved in this suit to the City of Beaumont by Sheriff's deed dated July 10, 1936. No writ of possession was issued on that judgment until in March of 1947, and it appears that such writ was returned unexecuted at the request of the attorney for the City of Beaumont.

The evidence shows that on January 5, 1936 the Tax Assessor-Collector for the South Park Independent School District executed a deed of conveyance on behalf of the School District, whereby he purported to convey the property involved in the present suit to the said School District, in order to satisfy the delinquent taxes, penalties, interest and costs due by appellees to the District. This was a summary proceeding which was had without resort to any court. Under date of June 15, 1948, the said School District executed and delivered to appellant Eason a quitclaim deed in consideration of $180, covering the property involved in this suit. Appellant Eason then attempted to secure a deed covering the property from the City of Beaumont but, being unable to do so, he filed a formal action in trespass to try title against the City of Beaumont in Cause No. 251905, and on June 15, 1949 a judgment was rendered in the cause by agreement between the attorneys for the respective parties, whereby the title and right of possession of the property was awarded to appellant Eason. On the same day, appellant Eason conveyed a one-half interest in the property to appellant O'Fiel. On June 10, 1949, appellants caused a writ of possession to be issued on the judgment in Cause No. 24120 and it was the issuance of that writ which precipitated the institution of the present suit.

Each of the appellees testified unequivocally on the trial of this suit that neither of them had been served at any time with any citation in any of the tax suits to which we have referred; that they had no knowledge of such suits or of any judgment which might have been rendered therein until after the writ of possesion had been

issued in June of 1949; that no effort had been made by any one prior to the latter date to dispossess them of their property which they had occupied continuously as their homestead from the time they acquired it in 1922; and that they had made numerous repairs on their house during that time, including a new roof which they placed upon the same in 1940.

■ Under the holding of the Supreme Court in Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, the evidence to which we have referred raised issues of fact for the jury in this case as to whether citation had been served on either of the appellees in any of the tax suits involved in this proceeding. Furthermore, it appears to us that the evidence as a whole was of sufficient probative force to warrant the jury in finding, as it did, that citation was not served upon appellees in the prior tax suits, and consequently the trial court was authorized, upon such findings, to set aside the tax foreclosure judgments on the ground that they were invalid and void. Harrison v. Sharpe, Tex.Civ.App., 210 S.W. 731, (er. ref.); State Mortgage Corp. v. Traylor, 120 Tex. 148, 36 S.W.2d 440; Shaffer v. Schaleben, Tex.Civ.App., 236 S.W.2d 234, (Er.ref.n.r.e.).

■■ Points 11 through 14 are grouped and presented together in the brief of appellants. Under this group of points they say in effect that the cause of action herein asserted by appellees was barred by the four year statute of limitation as embraced in art. 5529 of Vernon's Tex.Civ.Stats. because, notwithstanding the findings of the jury to the contrary, appellees knew or in the exercise of due diligence should have known of the existence of the tax judgments more than four years prior to the institution of this suit. We overrule each of these points of error.

In our opinion the evidence was amply sufficient to warrant the jury in finding, as it did, that appellees did not know for more than four years prior to the institution of this suit of the existence of the tax foreclosure judgments involved herein and that

they exercised reasonable diligence in their efforts to have the same set aside. Moreover, since appellees have been in actual and undisturbed possession of the premises for which they are now suing for more than 30 years, the four year statute of limitation could not be successfully invoked by appellants for the purpose of defeating or barring the right of recovery asserted by appellees in this proceeding. See State Mortgage Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950, pt. 8 and authorities.

■ By point 15 in their brief, appellants say the trial court erred in refusing to allow them a recovery against appellees for the amount of money which they had expended in the payment of taxes due against the property in dispute, together with a lien against such property for the purpose of securing them in the payment thereof. We overrule this point

No issue was submitted to the jury on this phase of the case and none was requested by appellants. From the record before us we cannot say as a matter of law that appellant Eason acted in good faith, as alleged in his pleadings, in making the payment which he made to the South Park Independent School District on June 15, 1948 in connection with the quitclaim deed of that date, or in the payment which he made to the City of Beaumont on June 15, 1949 in connection with the agreed judgment which was rendered on that date in Cause No. 251905. The tax deed from the School District to itself dated January 5, 1936 was invalid and void, Amaimo v. Carter, Tex. Civ.App., 212 S.W.2d 950, (er.ref.n.r.e.) and Eason testified in substance that he knew such deed was questionable when he paid the consideration for the quitclaim deed from the School District to himself dated June 15, 1948. This quitclaim deed was the only muniment of title upon which Eason could have relied for a recovery in the action which he brought against the City of Beaumont in Cause No. 251905. It thus appears to us that the trial court could have properly found in the present case that appellant Eason was not an innocent purchaser for value from the School

District and that he did not act in good faith in the institution of his suit against the City of Beaumont or in the agreed settlement which resulted in judgment being rendered in his favor in that proceeding. If appellant Eason acted in bad faith in these transactions, then appellants were not entitled to the equitable relief which they sought in this proceeding. Mumme v. McCloskey, 28 Tex.Civ.App. 83, 66 S.W. 853 (er.ref.); Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847, pts. 12–15.

Finding no reversible error in the record before us, the judgment of the court below is affirmed.