**Sammie ANDERSON, Jr., et ux.,
Petitioners,**

v.

**Tommy COLLUM, Respondent.**

No. B–4358.

Supreme Court of Texas.

Sept. 24, 1974.

Wyatt W. Lipscomb, Garland, for petitioners.

Boyd & Killough, Michael V. Killough, Dallas, for respondent.

DENTON, Justice.

Sammie Anderson, Jr. and wife brought this action in the nature of a bill of review to set aside a judgment in favor of the state for delinquent taxes on certain real property located in Dallas County and owned by the Andersons. They also seek to set aside the tax sale in which Tommy Collum, the respondent, purchased the property. The trial court, without a jury, set aside the previous foreclosure decree and awarded to Collum an amount of money sufficient to cover the purchase price paid by Collum which had been tendered into court by the Andersons. The court of civil appeals reversed and remanded. 502 S.W.2d 598.

In 1967, the state filed a suit against the petitioners for $15.05 in delinquent property taxes. A citation for personal service was issued, but was returned on November 29, 1967 unexecuted upon request of the state's attorney. On October 28, 1968, the state's attorney filed an affidavit alleging

that Sammie Anderson was either a non-resident, was absent from the state, or a person whose residence was unknown, and requested citation by publication pursuant to Rule 117a, Section 3, Texas Rules of Civil Procedure. Notice was published, and the court entered a judgment on January 30, 1969 for the state for the sum of $13.-52, and ordered the sale of the land at a foreclosure sale. No appeal was taken from this judgment and subsequently, respondent Collum purchased the land at the foreclosure sale for the sum of $675.

On December 15, 1972 the Andersons filed a bill of review seeking to set aside the former judgment and the tax sale. They alleged, and both parties subsequently stipulated, that the Andersons had continuously lived on the land in question since 1963; that Anderson was not a nonresident; and that he was well known in the community; and that several people including the United States postman for Route 1, Garland, Texas, could have directed anyone to his residence. It was further stipulated that Sammie Anderson, Jr. and his wife were the owners of the land in question; that delinquent taxes, penalty and interest were due and owing to the State of Texas on the land in question for the years 1963, 1964, 1965, 1966 and 1967 for the total amount of $13.52; that the respondent Collum expended the sum of $675 for the purchase price of the land at the foreclosure sale, and the sum of $55.31 for taxes for the years 1968 through 1972, and for a filing fee for the sheriff's deed and the issuance of a deed of possession. It is thus undisputed that the state attorney's affidavit requesting citation by publication was false.

At the trial the defendants below excepted to Anderson's pleadings on the grounds that they did not allege a meritorious defense. The trial court overruled this exception and subsequently rendered judgment for the Andersons setting aside both the former judgment and the sale. The

trial court further ordered the Andersons to pay Collum the amount paid for the land and the taxes which Collum paid on the land during this period. That portion of the judgment has been fully satisfied by the tender of this amount into the court by the Andersons.

By its findings of fact, the trial court found that citation was never served personally on Sammie Anderson, Jr., his wife, or any other person, but was returned unserved to the court at the request of the state's attorney. The trial court further found that neither Sammie Anderson, Jr. nor his wife had any knowledge of the suit, nor were there any facts or circumstances that placed them on notice of the filing of the suit. The trial court concluded that the requirements for service of citation by publication did not exist; therefore, the Andersons had been deprived of due process. The court further found that the former judgment was void. The court of civil appeals has reversed, holding that the Andersons must show a meritorious defense. The cause was remanded to allow the Andersons to amend their pleadings so as to permit them to plead and prove a meritorious defense.

■ Rule 117a, Texas Rules of Civil Procedure, provides that, as a predicate for issuing citation by publication, the attorney filing suit shall make an affidavit that the name or residence of such owner is unknown and cannot be ascertained after diligent inquiry. The evidence is uncontradicted that if a diligent inquiry had been made the defendants could have been found and personally served. It is our opinion that the failure to comply with the rule, and the admitted lack of diligence to locate the defendants renders the service by publication ineffective.

■ We think this case is controlled by a line of Texas cases beginning with Harrison v. Sharpe, 210 S.W. 731 (Tex.Civ.

App.1919, writ ref.), and Rowland v. Klepper, 227 S.W. 1096 (Tex.Com.App.1921, judgmt adopted). In Harrison v. Sharpe, *supra*, the suit by Mrs. Sharpe was to set aside a judgment and all proceedings thereunder, including the sheriff's sale and deed, foreclosing a tax lien upon her home without a citation or notice to her of the suit or sale. The judgment recited personal service of citation, but the officer's return so reciting was found to be untrue. The property valued at $3,500 was sold for the grossly inadequate price of $110. Harrison, the purchaser at the sale, was not an innocent purchaser for value. Mrs. Sharpe tendered him the $110 with interest thereon from the date of his purchase. The trial court set aside the judgment of foreclosure and all proceedings thereunder. The court of civil appeals affirmed the judgment of the trial court, but on motion for rehearing modified its judgment "so as to only annul the sale itself and the sheriff's deed" holding, "that the proper judgment in cases of this kind would be merely to set aside the sale, leaving the judgment itself undisturbed. Such would afford all the relief necessary and would eliminate the question as to necessity of alleging a meritorious defense to the judgment and of making the state a party to the proceeding."

In Rowland v. Klepper, *supra,* which was similar to Harrison v. Sharpe, *supra*, in all material respects, the Commission of Appeals held:

"We approve the action of the Court of Civil Appeals in this case in affirming the trial court's judgment except as to that part of the order setting aside the judgment in the tax suit.

"In Harrison v. Sharpe, supra, judgment of the trial court setting aside both the judgment and the sale was on original hearing affirmed. On rehearing in that case the court took note of the fact that an application for writ of error had been granted in this case by the committee of judges, and of the view under which it was granted, to wit, that the Court of Civil Appeals erred in holding that the judgment could be annulled without the state being made a party, and without an allegation of meritorious defense. In this connection Associate Justice Boyce stated in the opinion on rehearing that the court were inclined to the view that a proper judgment in cases of that character would be merely to set aside the sale, leaving the judgment undisturbed. It thereupon so modified the judgment on original hearing as to annul the sale only. This eliminated any questions as to the necessity of alleging a meritorious defense and of making the state a party.

"The reason assigned in the Harrison Case for reforming the judgment in the manner pointed out exists in this case, and to so reform it will in no wise injuriously affect plaintiff in error.

"We therefore recommend that that part of the judgment of the Court of Civil Appeals setting aside the judgment in the tax suit be eliminated, and that the judgment as thus reformed be affirmed."

These two decisions have been consistenly followed. Ditmore Land & Cattle Company v. Hicks, 155 Tex. 596, 290 S.W.2d 499 (1956); Ditmore Land and Cattle Company v. Kahn, 302 S.W.2d 145 (Tex. Civ.App.1957, no writ hist.); Eason v. David, 262 S.W.2d 442 (Tex.Civ.App.1953, writ ref. n. r. e.); Shaffer v. Schaleben, 236 S.W. 234 (Tex.Civ.App.1951, writ ref. n. r. e.).

The judgment of the court of civil appeals is reversed. That part of the judgment of the trial court which set aside the judgment in the tax suit is reversed and judgment is rendered that plaintiffs below

take nothing in so far as they seek to set aside the tax judgment, and the judgment of the trial court as thus reformed is affirmed.