Olin M. NORRIS, Appellant,

v.

**HARRY HOTT & ASSOCIATES, INC. and Michael J. Doros, Appellees.**

No. 20405.

Court of Civil Appeals of Texas, Dallas.

Jan. 6, 1981.

Roswell R. Patterson, Jr., Dallas, for appellant.

Jack E. Brady, Dallas, for appellees.

Giles E. Miller, Dallas, for amicus curiae.

Before AKIN, CARVER and STOREY, JJ.

CARVER, Justice.

Olin M. Norris appeals from a judgment denying him title and possession of a tract of land. We affirm because the judicial tax foreclosure proceedings, upon which Norris' claim rests, were fatally defective for want of indispensable parties and the resulting foreclosure sale must be set aside.

The facts, while complicated, are not in dispute. The present suit seeks a declaration that, in a prior suit by the state for ad valorem taxes and foreclosure, all "necessary and proper" parties were before the court. Norris, named among many defendants, initially filed a disclaimer. Harry Hott & Associates, Inc. was also among the defendants named by the state. Hott claimed title to the land relying on a sheriff's deed, resulting from a judicial foreclosure of his mechanic's lien, antedating the tax suit. Tenants of Hott intervened in the state's suit echoing Hott's claim. Norris, despite his disclaimer, then filed an intervention asserting the elements of a statutory trespass to try title suit against Hott and his tenants. Norris now asserts title relied upon by a quitclaim deed from the state which had bid in the land at its judicial tax foreclosure. Since no other party, or parties, asserted any claim or relief, the trial was actually conducted on Norris' claim versus Hott's (and his tenants') claim. The trial court awarded Hott title, subject to the leasehold of the tenants, and awarded Norris reimbursement, with interest, for the taxes, penalty and interest he had paid the state to get his quitclaim deed.

█ Norris argues in one of his points of error that the trial court erred in failing to sustain his title claim, while his remaining points attack the trial court's action sustaining Hott's claim of title. Since Norris cast his claim as a statutory trespass to try title claim, he can only recover on the strength of his own title, not the weakness of Hott's title. *Hejl v. Wirth,* 161 Tex. 609, 343 S.W.2d 226 (1961).

Norris' claim of title starts with an undisputed common source of both his and Hott's claim of title, and Betty Fickling Vickery, a single woman, who held undisputed title on August 1, 1969. Norris then relies upon (1) a deed from Vickery to Pre-School Corporation of America dated January 22, 1970; (2) a deed from Pre-School to Runnymede Corp. dated September 1, 1970; (3) a sheriff's deed of Runnymede's "estate, right, title and interest" to the state dated January 7, 1975, pursuant to the state's judicial tax foreclosure; and (4) a quitclaim deed from the state to Norris dated June 27, 1978. Specifically, Norris takes the state's original position that since all "necessary and proper parties" were before the court in the tax foreclosure suit, the sheriff's deed of Runnymede's title vested good title in the state and Norris succeeded to the state's title by his quitclaim deed.

Norris concedes that the record title to the land in question is burdened with an affidavit of mechanic's lien claimed by Hott filed October 31, 1969, but having its inception on August 1, 1969, when material and labor were commenced to be furnished to improve the land in question at the instance of its then undisputed owner, Betty Fickling Vickery. Norris also concedes that Hott's mechanic's lien was judicially established as of August 1, 1969, and foreclosed by judgment in a suit which named Vickery (and another party not in the chain of title), resulting in a sheriff's deed of Vickery's title to Hott dated July 3, 1973. Norris finally concedes that when the state filed its tax foreclosure suit on February 15, 1974, both Runnymede (from September 1, 1970) and Hott (from July 3, 1973) had deeds in their favor to the land in question on file in the Deed Records of Dallas County. It is Norris' position that the state, who named only Runnymede as the defendant in its tax foreclosure suit, nevertheless, had named all the "necessary and proper" parties; and thus, the state's judgment, foreclosure, sheriff's deed to the state, together with the state's quitclaim, vested superior title in Norris. We disagree.

■ Our courts have held that a tax foreclosure suit must include the record owner, *American Realty Corp. v. Tinkler*, 107 S.W.2d 627 (Tex.Civ.App.—San Antonio 1937, writ ref'd); lienholders, *State Mortgage Corporation v. Groos*, 12 S.W.2d 260 (Tex.Civ.App.—San Antonio 1929, writ dism'd); and all parties owning or claiming any interest in the property. *Ball v. Carrall*, 42 Tex.Civ.App. 323, 92 S.W. 1023 (1906, writ ref'd). Further, in *Kidd v. Rasmus*, 285 S.W.2d 415 (Tex.Civ.App.—Galveston 1955, writ ref'd) it was held that the attorney filing a tax suit has constructive notice of all claimants whose interests could have been ascertained by the exercise of reasonable diligence. The foregoing rules were applied to facts substantially similar to our own case in *Sanchez v. Hillyer-Deutsch-Jarratt Co.*, 27 S.W.2d 634 (Tex. Civ.App.—San Antonio 1930, writ ref'd), where the appellee had a mechanic's lien of record and was not joined in the tax foreclosure suit. In our case, Hott had his mechanic's lien of record, plus his judgment of foreclosure, plus his sheriff's deed on record at the time the state commenced its tax foreclosure proceedings. Under these authorities, we conclude that the state's judgment of foreclosure did not bind Hott who was not a party to the state's suit while the state's judgment remains valid as to Runnymede who was a party.

Our holding would appear to create an inconsistency; however, our supreme court held in *Anderson v. Collum*, 514 S.W.2d 230 (Tex.1974) that a tax suit was both a personal action for the tax debt and an *in rem* action against the land. The personal action against the taxpayer was not disputed in *Anderson*, nor was it disputed in the state's suit against Runnymede, and the personal judgment is valid and should stand. In *Anderson*, and in our case, the *in rem* action against the land and the foreclosure sale failed because of the absence of all those persons "interested" in the land. The solution in *Anderson*, and in our case, is to "set aside the sale, leaving the judgment undisturbed." 514 S.W.2d at 232. We hold that since the state failed to join Hott in the tax foreclosure suit, the sale, together with the sheriff's deed made thereon, must be set aside. Since Norris' claim of title necessarily rests on the validity of the sale we have set aside, we hold that the trial court correctly denied Norris' claim of title.

■ Our holding does no injustice to Norris because any purchaser of a tax title takes with notice of the right of owner, or other persons "interested" in the land, to redeem the land so long as the taxes (together with penalty, interest and cost, if any) are paid. Norris, at best, can only be likened to a purchaser of the land subject to an option in the seller to recover the land within a limited time upon the repayment of the price purchaser paid. In order for Norris to cut off the right of redemption, it is necessary that there be first a valid judgment and sale (not present here) and second the passage of the redemption period allowed by law. Where there is absent a valid foreclosure sale, the right of redemption has not yet begun to run against an owner, or other person interested in the land. However, we must also consider that Norris as purchaser at the tax sale paid his money, relying upon a judicial decree and a sale by a judicial officer, and surely he must be entitled to something for his money. He is, and that something is found in Tex.Rev. Civ.Stat.Ann. art. 7345b, § 10a (Vernon 1960) which, in pertinent part, states that a "purchaser at a void or defective tax judicial sale shall be subrogated to the rights of the taxing units ... and shall be an assignee of the liens foreclosed." In light of this statute, the trial court apparently reasoned that it would be vain for Norris, as subrogee of the state, to have to reinstitute tax foreclosure proceedings against Hott and the land inasmuch as Hott could at any time during the proceedings or during a redemption period following a new foreclosure, tender the tax, penalty, interest and costs and recover the land. The trial court simply recognized Norris' inevitable right to recover what he paid and entered judgment for Norris against Hott for the taxes, penalty, and accrued interest; thus "redeeming" Norris' right to the land. Hott does not complain of this judgment; therefore, we

deem Hott to have recognized Norris' subrogation right under article 7345b as well as exercising his own right to redeem from Norris by accepting the judgment without complaint.

Affirmed.