

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| STEPHEN L. MITCHELL, JANIE MITCHELL BELEW, LISA MITCHELL SEIGMANN, and LINDA MITCHELL STAPLETON, | § | |
| | § | No. 08-17-00155-CV |
| | § | Appeal from the |
| Appellants, | | |
| | § | 143rd District Court |
| v. | | |
| | § | of Reeves County, Texas |
| MAP RESOURCES, INC., PECOS BEND ROYALTIES, LLP, PBR PROPERTIES JOINT VENTURE, and TOMMY VASCOCU, | § | (TC# 15-06-21057-CVR) |
| | | |
| Appellees. | | |

**DISSENTING OPINION**

Respectfully. I dissent. The issue, for me, in this case is: How do we balance a real property owner's right to due process against public policy interests in protecting subsequent bona fide buyers of real property when notice is constitutionally deficient?

Here, more than two hundred and fifty defendants en masse were sued for delinquent taxes owing from 1978 through 1998. Elizabeth Mitchell, one of the listed defendants, allegedly owed delinquent taxes in the amount of $2,666.68. At the time of the judgment in February 1999, Mitchell's penalties and interests were $1,245.50. The taxing entities alleged they:

[I]ncurred certain expenses in the amount of $150.00 per defendant, in procuring data and information as to the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property, which expenses are reasonable abstractor's fees, which Plaintiff prays for judgment as costs of Court.

The taxing entities' counsel in his affidavit for citation by posting filed December 17, 1998 at 11 a.m. averred:

[I]f living, and any and all other persons, including adverse claimants, owning or having or claiming any legal or equitable interest in or lien upon the land described in the last pleadings filed herein, Defendants in the above entitled and numbered cause, for the reason that:

ONE: Defendant(s) shown above are either nonresident(s) of the State of Texas, absent from the state or are transient.

TWO: The names or residences of the owner or owners of the land or lots involved in said suit and any and all other persons, including adverse claimants, owning or having or claiming any legal or equitable interest in or lien upon said land, are unknown and cannot be ascertained after diligent inquiry, except as stated in Paragraphs ONE and THREE of this Affidavit. As to the corporation(s), if any, listed above, which are the record owners of said land, the location of the place of business of such corporation(s) or the name or place of residence of any officer of such corporation(s) upon whom personal service may be had, are unknown and cannot be ascertained after diligent inquiry.

THREE: Where a rendition was filed in the previous five (5) years with the appraisal district office shows the address of any record owner, affiant has caused citation to issue for personal service on such Defendant(s) at the address shown on said rendition list and has attempted to secure service thereof, but has not been able to do so.

FOUR: Service of citation by posting a copy thereof at the courthouse door is proper because publication of the citation as provided for in Rule 117a, Texas Rules of Civil Procedure may not be had within the conditions or maximum rates set forth therein for publishing the citation.

The court's tax file case does not contain any request for personal citation, issuance of citation or unserved returns for personal citation on any of the two hundred plus defendants.

The motion to appoint an attorney ad-litem was filed concurrently with the affidavit for citation by posting on December 17 at 11 a.m. The order appointing the attorney ad-litem was

signed by the trial court and filed on December 17 at 4:30 p.m. The citation by posting was issued by the District Clerk on December 17, 1998 and filed December 18, 1998 at 3:30 p.m.

The officer's return indicates the citation was received on the 17th of December at 10 a.m. The officer attested a copy of the citation was posted on the Reeves County Courthouse door on December 18 at 9:50 am, however the return was signed by the officer and notarized on December 17. No order for service by posting is found in the record before us.

The trial court's statement of evidence recited the following:

> [T]he Court then proceeded to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant(s) cited by posting. Plaintiffs witness, being sworn, testified to a search of the public records of the County and where such records showed the address of any Defendant(s), citation was issued for personal service on such Defendant(s) at such address in an attempt to secure service thereof, but was unserved, except to the extent recited in the judgment in this cause. The witness further testified that an inquiry was made of the person(s) in possession of the land and those persons in the community who might reasonably be expected to know the whereabouts of such Defendant(s). And the Court being of the opinion that diligent inquiry has been made.

A reporter's record of the default hearing was not included in our record.

The trial court entered a default judgment. The judgment stated defendant(s) "were duly served as required by law by means of citation by posting[.]" The judgment reflected the total amount due from Elizabeth Mitchell was $2,452.12. Further, the trial court granted the taxing entities a judgment that included "abstractor's fees incurred in securing data and information as to the name, identity, and location of necessary parties and legal description" of the properties "in the amount of $150.00 per defendant[.]" According to the sheriff's return, abstract fees totaling $52,495.28 were paid.[1] The attorney ad-litem was awarded fees of $500 for representing over two hundred and fifty defendants. The defendants' properties were sold for a total of $119,389.45.

---

[1] The record does not reflect to whom the $52,495.28 was paid.

Here, the trial court's file contains: (1) taxing entities' attorney swearing to the facts supporting citation by posting; (2) abstract fees of $52,495.28 paid to unnamed individual(s) from the $119,389.45 proceeds to ascertain name, identity, and location of the defendants; and (3) unknown witness(s) testifying to the diligent search of the public records. Further, "[p]laintiffs witness" averred personal citation was issued for those defendants whose addresses could be ascertained but was returned unserved. Ostensibly no addresses were found because not one of the over two hundred and fifty defendants were personally served and no unserved citations were contained in the clerk's record.

Now, some sixteen years after the default judgment and tax sale, Appellants, the heirs of Elizabeth Mitchell, come forward with warranty deeds of the subject properties of the tax suit, which were filed in the deed records by the Reeves County Clerk. These 1983 warranty deeds which contain her correct name and a mailing address were executed and filed sixteen years prior to the default judgment. Appellants assert, because the search for the correct owner and address was not diligent or even conducted, the trial court lacked personal jurisdiction. Appellants point to the warranty deeds which were public record as evidence the tax entities' assertions and the trial court findings were incorrect. Unfortunately for Appellants, Elizabeth Mitchell's warranty deeds of the properties subject of the tax foreclosure lawsuit are not included in the filings or record of the original tax foreclosure lawsuit.

A collateral attack may only be maintained against a void judgment. *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex. 1985). A void judgment is one in which the trial court "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court." *Id.* (citing *Austin Indep. Sch. Dist. v. Sierra Club,* 495 S.W.2d 878, 881 (Tex. 1973)). Collateral attacks on final judgments are generally

4

barred because the law favors the policy of giving finality to judgments. *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005).

Service by publication is ineffective if a diligent search for a defendant is not conducted. *Anderson v. Collum,* 514 S.W.2d 230, 231 (Tex. 1974). The Texas Supreme Court has declared that "[i]f personal service can be effected by the exercise of reasonable diligence, substituted service is not to be resorted to." *Sgitcovich v. Sgitcovich,* 150 Tex. 398, 241 S.W.2d 142, 147 (1951). The Court, citing to the Illinois Supreme Court, explained under Illinois law that "relying on a computerized database search of a parent's name while ignoring, or otherwise not investigating, other potentially useful information does not constitute a diligent inquiry[.]" *In re E.R.* 385 S.W.3d 552, 564 (Tex. 2012) (citing *In re Dar. C.,* 354 Ill.Dec. 304, 957 N.E.2d 898, 912, (Ill.2011) (holding that service by publication was defective, thus depriving trial court of jurisdiction and rendering its judgment void)). The Court explained a "diligent search must include inquiries that someone who really wants to find the defendant would make, and diligence is measured not by the quantity of the search but by its quality." *Id.* at 565.

In *PNS*, the Texas Supreme Court noted that after *Peralta,* the law has distinguished those cases that allege technical defects in service versus cases which may constitute "a complete failure or lack of service[.]" *PNS Stores, Inc., v. Rivera,* 379 S.W.3d 267, 274 (Tex. 2012). The *PNS* Court opined the lack of service violates due process but failure to strictly comply with statutory service provisions does not render a judgment void. *Id.* Further, the *PNS* Court concluded "a judgment is void if the defects in service are so substantial that the defendant was not afforded due process." *Id.* at 275. The Court concluded the technical defects in service alleged in *PNS* may have rendered the judgment voidable but not void, so therefore the judgment was not subject to a collateral attack. *Id.* at 275.

In *Luby v Wood*, the Austin Court of Appeals sustained a collateral attack on a default judgment because the record affirmatively showed that the motion for substituted service did not warrant substitute service. *Luby v. Wood,* No. 03-12-00179-CV, 2014 WL1365736, at *1-3 (Tex. App.—Austin Apr.2, 2014, no pet.). Eighteen years after Wood secured a default judgment in 1993 against Luby, Wood filed a writ of scire facias to revive the dormant default judgment. *Id.*, at *1. The trial granted the order instituting the prior judgment. *Id.* Luby appealed arguing he was never served in the underlying suit. *Id.*, at *2. The original lawsuit recited Luby's physical address but the record showed that personal service was not attempted. *Id.* The record did not contain any explanation that service at the address was not attempted. *Id.* Wood attempted to serve Luby by certified mail, one time, to a post office box that allegedly was used by Luby. *Id.* After that single solitary attempt, Wood moved for substituted service. *Id.* In his motion, Wood "claimed that it was 'impractical to secure personal service of process' because 'a physical address for defendant is unknown.'" *Id.* The affidavit accompanying the motion averred the process server attempted on one occasion to serve Luby at the post office box by certified mail, restricted delivery but it was returned unclaimed. *Id.* The process server also attempted to locate Luby's physical address. *Id.* The trial court authorized substituted service by first class mail, no receipt required to the post office box. *Id.* The return of service indicates the process server mailed the citation, petition and the order for substituted service to the post office box by first class mail. *Id.*

The Austin Court found after reviewing the record, "that it overcomes the presumption in favor of the default judgment and 'exposes such personal jurisdictional deficiencies as to violate due process.'" *Id.* (citing *PNS Stores,* 379 S.W.3d at 273). In *Luby*, the Court found the lack of service on the actual physical address listed in the petition coupled with a sole attempt of service at the post office box was insufficient to support the order for substituted service. *Id.*, at *3. The

Court was particularly troubled that the process server "swore that the post office box was 'in current use,' the server's affidavit does not clarify whether that meant that Luby was regularly checking his mail there or simply that rental period for the box had not yet expired." *Id.*

This case like *Luby* suffers from a substituted service process that does little more than pay lip service to the constitutional protections of Due Process. The officer's return recites it was received on December 17 at 10 a.m., a full hour before the affidavit for citation by posting was filed and ostensibly before the citation was issued by the clerk. Our time-travelling officer then avers on December 17 that he posted the citation on the courthouse door on the 18th at 9:50 a.m., a future event, which was duly notarized on the 17th as well. Given the serious deficiencies of the officer's return, which to my mind, amounts to a complete lack of service, renders service by posting, in this case, constitutionally inadequate.

Second, if substituted service is ineffective for a lack of diligent service rendering a judgment void, then logically it must be subject to attack by extrinsic evidence. Rote, mechanical recitations that a diligent search was conducted under the prescribed language of Rule 117a does not satisfy the constitutional demands of due process.[2] *See Anderson,* 514 S.W.2d at 231; *Sgitcovich,* 241 S.W.2d at 147; *In re E.R.,* 385 S.W.3d at 564. The Mitchells' extrinsic evidence creates very serious doubts a diligent search was conducted.[3]

---

[2] Texas Rule of Civil Procedure 117a states, in part: "Where any defendant in a tax suit is a nonresident of the State, or is absent from the State, or is a transient person, or the name or the residence of any owner of any interest in any property upon which a tax lien is sought to be foreclosed, is unknown to the attorney requesting the issuance of process or filing the suit for the taxing unit, and *such attorney shall make affidavit that such defendant is a nonresident of the State, or is absent from the State, or is a transient person, or that the name or residence of such owner is unknown and cannot be ascertained after diligent inquiry,* each such person in every such class above mentioned, together with any and all other persons, including adverse claimants, owning or claiming or having any legal or equitable interest in or lien upon such property, *may be cited by publication.*" (Emphasis added).

[3] Further Rule 117a provides that "*[a]n affidavit which complies with the foregoing requirements therefor shall be sufficient basis for the citation above mentioned in connection with it but shall be held to be made upon the criminal responsibility of affiant.*" (Emphasis added).

Texas Rule of Civil Procedure in 106(b) states:

> [T]he court may authorize service (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

While Rule 117a does not explicitly abrogate 106(b), it states:

> If the publication of the citation cannot be had for this fee, chargeable as costs and payable upon sale of the property, as provided by law, and this fact is supported by the affidavit of the attorney for the plaintiff or the attorney requesting the issuance of the process, *then service of the citation may be made by posting a copy at the courthouse door of the county in which the suit is pending, the citation to be posted at least twenty-eight days prior to the return day fixed in the citation.* Proof of the posting of the citation shall be made by affidavit of the attorney for the plaintiff, or of the person posting it. *When citation is served as here provided it shall be sufficient, and no other form of citation or notice to the named defendants therein shall be necessary.* (Emphasis added).

It is troubling to note that no Order for Substituted Service was issued by the trial court to indicate the amount of time that the citation was to be posted on the Reeves Courthouse door. The citation return does not indicate how long it was posted, whether it was it one hour, one day, one week or one month. Rule 117a allows for substituted service but my reading of it cannot absolve the trial court of the ultimate responsibility of ensuring defendants are accorded Due Process by demanding evidence in the record to support a diligent search and providing the parameters of notice that is reasonably effective under the particular set of facts for each defendant.

Even if the officer's return had been completed properly and authentically, the dictated language of the affidavit pursuant to Rule 117a, without more in the record raises grave constitutional questions of whether Due Process has been afforded to Elizabeth Mitchell. The mere recitation in the record and in the judgment that a diligent search has been conducted, should not and cannot obviate the guarantee of Due Process under the United States Constitution. Given the record is completely devoid of any evidence supporting the court's judgment a diligent search was

8

conducted; the lack of whether the trial court authorized substitute service; and the absence of any indication regarding the length of time citation was actually posted, I would find the judgment void for a complete failure of service. Therefore, the Mitchells' collateral attack on the judgment is proper and the extrinsic evidence can be considered by the trial court and this Court. Unlike *Luby*, the record before us reflects no attempt of service was ever attempted on Elizabeth Mitchell's post office box.

Further, I would find that the Texas Tax Code one-year statute of limitations and its conditions precedent statute (the "Tax Code Statutes") does not bar a collateral attack based on constitutional infirm notice. *See* TEX. TAX CODE ANN. §§ 33.54, 34.08. *In re E.R.* and *Mullane* make clear that Due Process and constitutionally inadequate notice will always trump a state's statute of limitations. *In re E.R.,* 385 S.W.3d at 561; *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950).

Last, Map's assertion of waiver and the affirmative defense of laches is not supported by any evidence in the record. The difficulty in those defenses is overcoming the complete lack of service on Elizabeth Mitchell. The late-filed bona-fide affirmative defense, trespass to try title defense and Map's special exceptions are not properly before the trial court and cannot be considered for the basis of the summary judgment order.

Therefore, I would reverse the summary judgment order, set aside the default judgment for a complete lack of service and remand the case back to the trial court.

YVONNE T. RODRIGUEZ, Justice

September 29, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

9